UNITED STATES of America, Appellee,

v.

**Ronald Joseph HACKETT, Appellant.**

**UNITED STATES of America, Appellant,**

v.

**Ronald Joseph HACKETT, Appellee.**

Nos. 79–5228, 79–5229.

United States Court of Appeals, Fourth Circuit.

Argued April 10, 1980.

Decided July 2, 1980.

---

Andrew Radding, Baltimore, Md. (Stuart Levine, Francomano, Radding & Mannes, Baltimore, Md., on brief), for appellant/cross-appellee.

Herbert Better, Asst. U. S. Atty., Baltimore, Md. (Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., Melinda Thompson, Second Year Law Student on brief), for appellee/cross-appellant.

Before BUTZNER, RUSSELL and HALL, Circuit Judges.

BUTZNER, Circuit Judge:

Ronald Joseph Hackett appeals from his conviction of bank robbery on the grounds that the evidence does not support the judgment, that the government did not establish a violation of 18 U.S.C. § 2113(a), (d), and (e), and that excessive bail was prejudicial to his case. We affirm.

The facts presented to the trial court show that a bank employee was taken from her home at gun point, blindfolded, forced into a car, and held overnight. Meanwhile, her abductor called the bank manager and demanded that ransom be left at a drop site. Although the manager complied, the money was not picked up by the abductor because he detected that the site was under surveillance. Subsequently, the employee was released unharmed.

Hackett was arrested after the last ransom call was traced to his residence. He was indicted in counts I and II for extortion with the use of a handgun. 18 U.S.C. § 1951 (the Hobbs Act). In counts III–V, he was indicted for attempting to rob a federal bank by force during the course of which he assaulted a person and used a handgun to force a person to accompany him without her consent. 18 U.S.C. § 2113(a), (d), and (e). Counts I and II were later dismissed on double jeopardy grounds.[1]

---

1. Because Hackett can only be sentenced under one statutory scheme, the government's appeal from this ruling is rendered moot by our decision upholding Hackett's conviction under § 2113. With respect to counts III–V, the dis-trict court's order provided that if the convictions were affirmed, it would set aside the sentences on counts III and IV, leaving only the sentence imposed on count V, which charged a violation of § 2113(e).

The case was tried to a judge without a jury or witnesses. At Hackett's request, the evidence before the court consisted of a stipulation by Hackett and the government stating how potential witnesses would have testified if they had been called. At trial Hackett was fully informed of his right to a trial by jury and his right to call witnesses. Hackett, who is well educated, voluntarily waived these rights.

Hackett contends that the trial judge could not properly find him guilty beyond a reasonable doubt because his submission of evidence conflicted with parts of the government's case. Because of this conflict, he asserts that the court could not convict him without observing the demeanor of the witnesses.

Hackett's contention is without merit. The evidence summarized by the government presented clear proof of Hackett's guilt beyond a reasonable doubt. The bank employee's statement implicating Hackett was amply corroborated. Therefore, the trial court could properly find Hackett guilty without observing the demeanor of the witnesses.[2]

Hackett next contends that even if all of the facts contained in the government's submission are true, they do not show a violation of § 2113 because there was no attempt to take money "from the person or presence of another" and Hackett did not enter the bank as required by § 2113(a).

Several other courts of appeals have found violation of § 2113 under substantially similar circumstances. *See, e. g., Brinkley v. United States*, 560 F.2d 871 (8th Cir. 1977); *United States v. Beck*, 511 F.2d 997 (6th Cir. 1975); *United States v. Marx*, 485 F.2d 1179 (10th Cir. 1973). *But see United States v. Culbert*, 548 F.2d 1355 (9th Cir. 1977) (by concession), *rev'd on other grounds*, 435 U.S. 371, 372 n.1, 98 S.Ct. 1112, 1113 n.1, 55 L.Ed.2d 349 (1978), *opinion on remand*, 581 F.2d 799 (9th Cir. 1978).

**2.** If the government's proof had depended on the uncorroborated testimony of witnesses, submission of the evidence by stipulation would have presented grave difficulties. We

Relying on the precedent of *Marx, Brinkley,* and *Beck,* we conclude that property is taken from a bank in the presence of another when bank officers are induced by threats of violence to leave the bank's money at a pre-arranged drop site.

Hackett's complaint that he was prejudiced by the bail set by the district court is also without merit.

*AFFIRMED.*

recommend therefore that this procedure not be followed in the future.

