**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Fred BURNS,
Defendant-Appellant.**

No. 82–1217.

United States Court of Appeals,
Ninth Circuit.

Submitted March 14, 1983.

Decided March 18, 1983.

Certiorari Denied June 20, 1983.
See 103 S.Ct. 3123.

Joseph M. Kadans, Las Vegas, Nev., for defendant-appellant.

Fred Daniel Gibson, III, Asst. U.S. Atty., Reno, Nev., for plaintiff-appellee.

Before WRIGHT, CANBY, and BOO-CHEVER, Circuit Judges.

PER CURIAM:

Burns appeals convictions for two robberies in Indian country, 18 U.S.C. §§ 2, 1153, 2111, possession of a firearm, 18 U.S.C.App. § 1202(a)(1), and use of a firearm in the commission of a felony, 18 U.S.C. § 924(c). Burns is an Indian enrolled in a tribe.

In the first robbery, on December 9, 1980, Burns and two accomplices robbed a tribal smoke shop located in Indian country. The second robbery also occurred in the smoke shop, in the midst of the first robbery. Burns approached the victim, Fillmore and, at gunpoint, demanded the keys to Fillmore's car. After Fillmore told Burns that the keys were in the car, Burns left the shop and stole the keys and the car.

Burns was indicted in December 1981, convicted by a jury, and appeals. He contends that (1) preindictment delay violated his due process rights, (2) substantial evidence did not support the jury's verdict, (3) he cannot be convicted under 18 U.S.C. § 2111[1] of robbery because the taking was not from Fillmore's person or presence, and (4) the district court lacked jurisdiction to convict Burns for the robbery of the tribal smoke shop because the tribe is not an Indian or other person within the Major

---

1. "Whoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes from the person or presence of another anything of value, shall be imprisoned not more than fifteen years" 18 U.S.C. § 2111.

Crimes Act (MCA), 18 U.S.C. § 1153.[2] We affirm.

## I

### Due Process

■ To prove that a preindictment delay violates the Due Process Clause, a defendant must show that the delay caused him actual prejudice, *United States v. Lovasco,* 431 U.S. 783, 789–90, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *United States v. Mills,* 641 F.2d 785, 788–89 (9th Cir.), *cert. denied,* 454 U.S. 902, 102 S.Ct. 409, 70 L.Ed.2d 221 (1981), and that the prosecution either intentionally delayed the indictment to gain a tactical advantage or delayed it in reckless disregard of circumstances indicating an appreciable risk of harm to the defense. *Lovasco,* 431 U.S. at 795 & n. 17, 796, 97 S.Ct. at 2051 & n. 17, 2052; *United States v. Walker,* 601 F.2d 1051, 1056 (9th Cir.1979).

■ Burns has not met this burden. Although he alleges "actual prejudice," he has not shown how the delay has prejudiced him. Nor has he even alleged that the prosecution intentionally or recklessly delayed the indictment to gain a tactical advantage.

## II

### Substantial Evidence

Burns contends that the evidence is insufficient to convict. On review, we must consider the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *United States v. Diggs,* 649 F.2d 731, 735 (9th Cir.), *cert. denied,* 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981).

Burns contends that the prosecution's crucial evidence, the testimony of Burns' two accomplices and the testimony of the government's fingerprint expert, does not support the verdict. He argues that the accomplices should not be believed and the testimony of the government's fingerprint expert conflicted with that of the defendant's expert.

■ Burns' argument goes to the credibility of the witnesses and the weight given to the evidence. Credibility of witnesses and the weight accorded the evidence, however, are questions for the jury that are not reviewable. *United States v. Brown,* 454 F.2d 397, 398 (9th Cir.), *cert. denied,* 406 U.S. 959, 92 S.Ct. 2067, 32 L.Ed.2d 346 (1972). Viewing the evidence in the light most favorable to the prosecution, the jury reasonably could have found Burns guilty beyond a reasonable doubt. The evidence was sufficient.

## III

### Taking from the Person or Presence of Another

■ Burns was convicted of taking from the person or presence of another by force or intimidation. 18 U.S.C. § 2111. He contends that he did not take from Fillmore's person or presence because Fillmore was inside the smoke shop when Burns took the keys and car from outside the building. He grounds his argument on *United States v. Culbert,* 548 F.2d 1355 (9th Cir.1977), *rev'd on other grounds,* 435 U.S. 371, 98 S.Ct. 1112, 55 L.Ed.2d 349 (1978).

In *Culbert,* the defendant telephoned threats to a bank officer, then instructed the bank officer to leave money at a prearranged drop site. There was evidence that the victim was able to observe the entire transaction. The defendant was charged under 18 U.S.C. § 2113(a),[3] which contains

---

**2.** The MCA provides in part: "Any Indian who commits against the person or property of another Indian or other person ... robbery ... within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States." 18 U.S.C. § 1153.

**3.** Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belong-

language similar to that in 18 U.S.C. § 2111. This court held that the defendant had not taken the money from the person or presence of another. *Culbert,* 548 F.2d at 1356.[4]

This case is distinguishable. Unlike *Culbert,* it does not involve an extortion plot. Burns threatened Fillmore at gunpoint, asked for the car keys, and was told they were in the car. Burns threatened Fillmore with immediate violence inside the smoke shop, then took the keys and car just outside.

The trial court instructed the jury that property is in the presence of a person if it is "so within his reach, inspection, observation or control, that he could if not overcome by violence or prevented by fear, retain his possession of it".

This was a correct statement of the law under the circumstances presented here. From the evidence the jury could properly find that the taking was effectively within the victim's presence.

## IV

### Subject Matter Jurisdiction

■ The MCA grants federal jurisdiction when an Indian robs "another Indian or other person" within Indian country. 18 U.S.C. § 1153. Burns contends that the tribe, owner of the smoke shop, is neither an Indian nor other person within the MCA's coverage and that the district court lacked jurisdiction.

We need not decide whether the smoke shop is an "Indian or other person" within the meaning of the MCA. The robbery conviction was under Count III of the indictment which charged that Burns, by force, violence, and intimidation, took mon-

ey and checks of the smoke shop from two employees of the shop. Therefore, the taking was from the employees, who were both Indians or other persons within the meaning of the MCA. *See Henry v. United States,* 432 F.2d 114, 116–17 (9th Cir.1970), *cert. denied,* 400 U.S. 1011, 91 S.Ct. 576, 27 L.Ed.2d 625 (1971), *modified on other grounds,* 434 F.2d 1283 (9th Cir.1971).

This taking qualifies as a robbery under the MCA. The federal robbery statute under which Burns was convicted does not require that the taking be directly from the owner of the property. Rather, it requires merely that the taking be "by force and violence, or by intimidation" from "the person or presence of another anything of value, . . . ." 18 U.S.C. § 2111. *Cf. McGann v. United States,* 261 F.2d 956, 958 & n. 1, 959 (4th Cir.1958), *cert. denied,* 359 U.S. 974, 79 S.Ct. 891, 3 L.Ed.2d 841 (1959) (conviction for bank robbery under 18 U.S.C. § 2111 upheld where indictment charged that the taking was from employees of the bank).

The taking was a robbery of "another Indian or other person" within the meaning of the MCA. The district court had jurisdiction.

Affirmed.

---

ing to or in the care, custody, control, management or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined not more than $5,000 or imprisoned not more than twenty years, or both.
18 U.S.C. § 2113(a)

**4.** After the Supreme Court reversed the judgment on other grounds, we reaffirmed its reasoning, insofar as it was not inconsistent with

the Supreme Court's decision. *United States v. Culbert,* 581 F.2d 799 (9th Cir.1978). Other circuits, however, consistently have rejected this circuit's reasoning. *See, e.g., United States v. Alessandrello,* 637 F.2d 131, 144–45 (3d Cir.1980), *cert. denied,* 451 U.S. 949, 101 S.Ct. 2031, 68 L.Ed.2d 334 (1981); *United States v. Hackett,* 623 F.2d 343, 345 (4th Cir.), *cert. denied,* 449 U.S. 902, 101 S.Ct. 273, 66 L.Ed.2d 132 (1980).