UNITED STATES of America,
Plaintiff–Appellee,

v.

Earl LAUGHING, Defendant–Appellant.

No. 87–1322.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 1988.

Decided Sept. 1, 1988.

Richard B. Jones, Asst. Federal Public Defender, Phoenix, Ariz., for defendant-appellant.

Joan H. Grabowski, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before KOELSCH, WALLACE and BEEZER, Circuit Judges.

PER CURIAM:

Laughing, an Indian who assaulted another Indian while on an Indian reservation, appeals the denial of his motion to dismiss Count II of his indictment for lack of jurisdiction over a charge brought in the district court under 18 U.S.C. § 924(c). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

On September 9, 1986, while on an Indian reservation, Laughing entered the home of King, also an Indian, and asked for money. When King refused, Laughing produced a pistol and shot King, inflicting a life-threatening injury.

Count I of Laughing's indictment charged that, while on the Navajo Indian Reservation, Laughing, an Indian, assaulted King, also an Indian, with the intent to commit murder in violation of 18 U.S.C. § 113(a) and the Major Crimes Act, 18 U.S.C. § 1153. Count II charged that Laughing used a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Laughing unsuccessfully moved to dismiss the second count on the ground that because the offense proscribed under section 924(c) is not among the list of offenses specifically enumerated within the Major Crimes Act, 18 U.S.C. § 1153, the district court lacked jurisdiction over that charge. Subsequently, Laughing entered a guilty plea to a lesser-included offense in Count I

**660**

and entered a conditional guilty plea to Count II, which allowed Laughing to appeal the denial of his motion to dismiss the disputed section 924(c) charge.

 On appeal, Laughing maintains that because the basis of federal jurisdiction over crimes committed in Indian country by one Indian against another Indian is the Major Crimes Act, 18 U.S.C. § 1153, and because use of a deadly weapon "in relation to any crime of violence" under section 924(c) is not one of the crimes specifically enumerated in section 1153(a), the district court lacked jurisdiction to proceed with the section 924(c) charge. The district court's jurisdiction over a criminal offense is a question of law that we review de novo. *United States v. Walczak,* 783 F.2d 852, 854 (9th Cir.1986).

In *United States v. Goodface,* 835 F.2d 1233 (8th Cir.1987), the Eighth Circuit held that "a section 924(c) prosecution is available where the underlying felony is based on sections 113(c) and 1153." *Id.* at 1238. The court explicitly recognized that its previous contrary holding in *United States v. Eagle,* 539 F.2d 1166 (8th Cir.1976), *cert. denied,* 429 U.S. 1110, 97 S.Ct. 1146, 51 L.Ed.2d 563 (1977), the principal case on which Laughing relies, was superseded by the 1976 amendments to sections 113 and 1153. *Id.*

■ *Goodface* squarely governs the instant case. Like the defendant in *Goodface,* Laughing was prosecuted under section 924(c) for an underlying felony anchored in sections 113(c) and 1153. For the reasons stated in *Goodface,* we affirm.

This holding is consistent with our prior decisions in *United States v. Springfield,* 829 F.2d 860 (9th Cir.1987), and *United States v. Burns,* 701 F.2d 840 (9th Cir.) (per curiam), *cert. denied,* 462 U.S. 1137, 103 S.Ct. 3123, 77 L.Ed.2d 1375 (1983). In those two cases, we affirmed the convictions of Indians for violating section 924(c),

where the district court had jurisdiction over the underlying offense pursuant to section 1153. *Springfield,* 829 F.2d at 862–63; *Burns,* 701 F.2d at 841, 843. In affirming the convictions, we implicitly upheld the district court's jurisdiction over the section 924(c) offense.

As a final argument, Laughing suggests that a ruling by us that the district court had jurisdiction to convict him under section 924(c) would be anomalous because had he committed the same crime outside of the reservation, federal jurisdiction under section 924(c) would be lacking. To the extent that this is an attempt to raise an equal protection challenge, the Supreme Court has previously held that "it is of no consequence [under the equal protection clause] that the federal scheme [applicable in Indian country] differs from a state criminal code otherwise applicable within the boundaries of the State." *United States v. Antelope,* 430 U.S. 641, 648–49, 97 S.Ct. 1395, 1400, 51 L.Ed.2d 701 (1977).

AFFIRMED.