29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond BINGHAM, Defendant-Appellant.
 No. 93-50489.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1994.*
Decided June 22, 1994.
 
 MEMORANDUM**
 Before: FLETCHER, CANBY, and HALL, Circuit Judges.
 
 
 1
 Raymond Bingham was found to have participated in a cocaine distribution organization that operated from two apartments in the same complex. Bingham appeals his conviction for conspiracy and possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. Secs. 846 and 841(a)(1), and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1).
 
 
 2
 The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 
 I.
 
 3
 Bingham argues that evidence obtained in a search of Apartment 9 should be suppressed because the officers' initial warrantless entry into the apartment was illegal. The district court denied Bingham's earlier motion to suppress after determining that the existence of exigent circumstances justified entry into Apartment 9. The validity of a warrantless entry into a residence is subject to de novo review. United States v. Lai, 944 F.2d 1434, 1441 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992). A district court's conclusion as to whether exigent circumstances existed is reviewed de novo and any underlying findings of fact are reviewed for clear error. United States v. McConney, 728 F.2d 1195, 1205 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984). The burden is on the government to demonstrate that: 1) the officers had probable cause to search Apartment 9 and 2) exigent circumstances excused the lack of warrant. United States v. Lindsey, 877 F.2d 777, 780 (9th Cir.1989).
 
 
 4
 Here, probable cause existed because there was a fair probability that contraband or evidence of a crime would be found inside Apartment 9. See id. The evidence demonstrating the existence of probable cause included: 1) the phone number the confidential informant used to arrange the initial drug transaction was traced to adjacent Apartment 10; 2) codefendant Casey told the police that all of the drugs involved in the conspiracy were stored in Apartment 9; and 3) the occupant in Apartment 9 began acting strangely when the police arrived at Apartment 10. We find that probable cause existed to believe that drugs were being stored in Apartment 9.
 
 
 5
 Exigent circumstances justifying the warrantless entry into a residence include those showing an urgent necessity of preventing the destruction of relevant evidence and preventing harm to officers or other people. United States v. Lai, 944 F.2d at 1442. "Only mild exigency need be shown where entry can be accomplished without physical destruction of property." Id. However, "[m]ere speculation regarding the presence of drugs on a premises and the danger of their destruction is not sufficient to show exigent circumstances." United States v. Tarazon, 989 F.2d 1045, 1049 (9th Cir.), cert. denied, 114 S.Ct. 155 (1993). The government must also show that a warrant could not have been obtained in time. Id.
 
 
 6
 Here, the officers reasonably believed that evidence in Apartment 9 was about to be destroyed. The police had received a call asking whether codefendants Casey and Stanton had been arrested. Also, the occupant of Apartment 9 was aware of the police presence outside Apartment 10. See id. ("This court has held several times that irregularities in drug transactions which could cause a supplier to suspect police action and destroy evidence or prepare to defend a residence are sufficient to constitute exigent circumstances."). In fact, there was testimony that the occupant of Apartment 9 peeked at the officers through a window, only to duck back when observed by the police.
 
 
 7
 The exigent circumstances were enhanced by the fact that police had already taken a loaded pistol from one of the drug couriers and thus were aware that members of the conspiracy had weapons and might pose a threat to the safety of officers and others. See United States v. Lai, 944 F.2d at 1442-43 (noting the significance of information demonstrating that occupants may possess weapons). Furthermore, no physical damage occurred in entering Apartment 9 and the record demonstrates that there was insufficient time to procure a warrant. See United States v. Tarazon, 989 F.2d at 1050. We conclude that the evidence establishes a degree of exigency sufficient to affirm the validity of the warrantless entry.[1]
 
 II.
 
 8
 Bingham argues that there was insufficient evidence to establish that he was part of the drug conspiracy that existed at Apartments 9 and 10. The test for insufficiency is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence presented here clearly meets this test.
 
 
 9
 A conspiracy consists of an agreement to engage in criminal activity coupled with one or more overt acts in furtherance of the conspiracy. United States v. Buena-Lopez, 987 F.2d 657, 659 (9th Cir.1993). The agreement can be inferred from the defendant's acts and other circumstantial evidence. Id. Once the existence of the conspiracy is demonstrated, evidence of even a slight connection with the conspiracy is sufficient to establish a defendant's knowing participation in the conspiracy. Id.
 
 
 10
 Here, there was undisputed evidence that a drug distribution conspiracy operated out of Apartments 9 and 10. In Apartment 9, where Bingham was arrested, officers found: 1) nine ounces of marijuana and over $5,000 in a locked kitchen cabinet with a set of keys nearby; 2) 14 grams of cocaine base in a kitchen drawer; 3) 30 grams of cocaine base, 700 grams of powdered cocaine, and over $5,000 in a locked safe in the bedroom; 4) an electronic scale with cocaine residue on it, baggies, and three boxes of baking soda; 5) two loaded pistols, one underneath the couch and one behind a couch cushion; and 6) another pistol and a machine gun, both loaded, located in an open safe in the hall closet. Officers also found men's clothing and a bench press in the bedroom.
 
 
 11
 When the police arrived at Apartment 9, Bingham made statements indicating his knowledge of the presence of guns, drugs and money in the apartment. During the search of the apartment, Bingham made comments to officers such as "he was not responsible for what you may find there" and "I'm not responsible for what might be in there". In a post-arrest statement, he also admitted that he was being paid to watch the apartment and used one of guns for that purpose.
 
 
 12
 The government also introduced the testimony of codefendant Casey, who explained Bingham's role in the drug trafficking operation involving Apartments 9 and 10. Casey testified that at the time of the arrests, Bingham's role in the operation was to guard the supply of cocaine stored in Apartment 9 and act as the enforcer for the drug dealings taking place in Apartment 10. Casey stated that Bingham would usually sit on the couch in Apartment 9, where he could easily watch the door of Apartment 10. This is the same couch in which officers found two loaded pistols. Casey also mentioned one specific instance in which Bingham had used a gun to chase an unwanted person from Apartment 10. Despite Bingham's assertions to the contrary, Casey's testimony provides a sufficient basis on which to sustain his convictions. See United States v. Lim, 984 F.2d 331, 338 (9th Cir.), cert. denied, 113 S.Ct. 2944 (1993) ("Testimony of an accomplice, if believed, is sufficient to sustain a conviction."); United States v. Burns, 701 F.2d 840, 842 (9th Cir.), cert. denied, 462 U.S. 1137 (1983) ("Credibility of witnesses and the weight accorded the evidence ... are questions for the jury that are not reviewable").
 
 
 13
 Bingham correctly asserts that his presence in the apartment where drugs were stored and the fact that he knew about the drugs is not sufficient to support his convictions for conspiracy or possession. See United States v. Vasquez-Chan, 978 F.2d 546, 550-553 (9th Cir.1992); United States v. Ramirez, 880 F.2d 236, 238 (9th Cir.1989). Here, however, the evidence demonstrates that Bingham undertook actions that affirmatively furthered the illegal objective of the conspiracy. A reasonable trier of fact could have determined that Bingham was paid to guard, with the help of several loaded guns, the conspiracy's cocaine supply. Thus, his behavior is not " 'perfectly consistent with that of an innocent person having no stake or interest in drug transactions.' " United States v. Vasquez-Chan, 978 F.2d at 551 ( quoting United States v. Penagos, 823 F.2d 346, 349 (9th Cir.1987)). The record supports the district judge's finding that all of the necessary elements of the conspiracy and possession charges were met and therefore we reject Bingham's sufficiency of the evidence claim.[2]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also agree with the district court's conclusion that Bingham validly consented to the initial search of Apartment 9. The evidence demonstrates that Bingham: 1) verbally gave permission for the search; 2) signed a consent to search form after an officer read him the form, which stated that defendant did not have to consent and included the Miranda warning; 3) was not handcuffed, arrested or threatened with a search warrant; and 4) was not subjected to officers with their guns drawn. See United States v. Castillo, 866 F.2d 1071, 1082 (9th Cir.1988) (finding voluntary consent even though all of these factors were not present). See also United States v. Williams, 978 F.2d 1133, 1135-36 (9th Cir.) (district court's refusal to credit defendant's testimony over that of the detectives was not clear error), cert. denied, 113 S.Ct. 1606 (1993)
 
 
 [2]
 Aside from generally contending that he did not participate in the conspiracy, Bingham does not directly challenge the sufficiency of the evidence with regard to his conviction for carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1). We note, however, that the evidence was sufficient to support his conviction on this charge. See United States v. Torres-Medina, 935 F.2d 1047, 1048-49 (9th Cir.1991) (sufficient evidence exists where defendant, who was a paraplegic confined to a wheelchair, owned a loaded gun found next to cocaine in a crawl space beneath defendant's house); United States v. Stewart, 779 F.2d 538, 539-40 (9th Cir.1985), cert. denied, 484 U.S. 867 (1987)