108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andre WALKER, Defendant-Appellant.
 No. 96-50102.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1996.*
Decided Dec. 17, 1996.
 
 Before: PREGERSON, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andre Walker appeals his jury conviction of one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Walker argues that the evidence was insufficient to support his conviction. He also contends that the district court erred in denying his post-conviction motion for discovery and a new trial on the basis of selective prosecution. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I. Sufficiency of the Evidence
 
 3
 Walker was arrested for distributing cocaine base after Trinell Thomas, a confidential informant, tape recorded a transaction in which he purchased 5.73 grams of cocaine from a man named "Dre." Although FBI agents could corroborate some of the details of the transaction, Thomas's identification of Andre Walker as "Dre" was the crucial evidence at trial.
 
 
 4
 Before he met with Walker, FBI agents searched Thomas and outfitted him with a transmitter and recording device. They also observed Thomas entering the apartment where the transaction took place, and they took possession of the drugs and the tape after Thomas left the apartment. Only Thomas, however, could identify Walker as the dealer. Walker now argues that because an unreliable confidential informant provided the critical evidence against him, there was not sufficient evidence to support the verdict.
 
 
 5
 To decide whether evidence is sufficient to support a conviction, the reviewing court must determine whether "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Jones, 84 F.3d 1206, 1210 (9th Cir.), cert. denied, 117 S.Ct. 405 (1996).
 
 
 6
 Walker's defense focused on impeaching the confidential informant. His attorney subjected Thomas to vigorous cross-examination, and she concentrated on Thomas's lack of trustworthiness in her closing argument. Walker's attorney pointed out to the jury that Thomas received $24,000 for acting as an informant, that he had an extensive criminal record, and that aspects of his testimony were inconsistent. The jury, therefore, was fully aware of the challenges to Thomas's credibility and motivations. Nonetheless, it voted to convict Walker. The jury's verdict rested on its assessment of Thomas's credibility, and such decisions fall squarely within the jury's territory. See United States v. Leung, 35 F.3d 1402, 1405 (9th Cir.1994) (stating that a reviewing court should not upset a jury's credibility determination), cert. denied, 115 S.Ct. 954 (1995); United States v. Lopez, 803 F.2d 969, 973 (9th Cir.1986) (holding that it is the jury's "proper prerogative" to believe a witness where the jury is aware of the challenges to a witness's credibility), cert. denied, 481 U.S. 1030 (1987); United States v. Burns, 701 F.2d 840, 842 (9th Cir.) ("Credibility of witnesses and the weight accorded the evidence ... are questions for the jury that are not reviewable."), cert. denied, 462 U.S. 1137 (1983).
 
 
 7
 Moreover, Thomas's testimony was not incredible or insubstantial on its face. A rational trier of fact could find that Thomas's testimony, combined with the corroborating evidence, provided a sufficient basis for a conviction. See Lopez, 803 F.2d at 973 (holding that even the uncorroborated testimony of an accomplice is sufficient to prove the elements of a crime unless it is incredible or insubstantial on its face); United States v. Lim, 984 F.2d 331, 338 (9th Cir.) ("Testimony of an accomplice, if believed, is sufficient to sustain a conviction."), cert. denied, 508 U.S. 965 (1993); United States v. Loya, 807 F.2d 1483, 1489 (9th Cir.1987) (stating that even inconsistent testimony is sufficient to support a verdict where the jury "resolved the conflicts of evidence in favor of the prosecution's factual theory").
 
 
 8
 We hold that there was sufficient evidence for a rational jury to find Walker guilty beyond a reasonable doubt.
 
 II. Selective Prosecution
 
 9
 At sentencing, Walker moved for a new trial and for discovery related to a claim of selective prosecution. Failure to file a motion based on selective prosecution prior to trial constitutes waiver unless cause is shown. Fed.R.Crim.P. 12(b)(1) & (f); United States v. Aguilar, 883 F.2d 662, 705 n. 44 (9th Cir.1989), cert. denied, 498 U.S. 1046 (1991). Walker explains that he did not file the motion before trial because the evidence supporting his claim of selective prosecution did not arise until the confidential informant testified. We need not decide whether the informant's testimony is newly discovered evidence that would obviate the defendant's waiver of the selective prosecution claim. The district court also stated that Walker's motion failed on the merits, and we agree.
 
 
 10
 A district court's denial of discovery relating to a claim of selective prosecution is reviewed for an abuse of discretion. United States v. Reese, 60 F.3d 660, 661 (9th Cir.1995). The Supreme Court has stated that, in order to obtain discovery of information related to selective prosecution, a defendant must come forward with some evidence tending to show "discriminatory effect and discriminatory intent." United States v. Armstrong, 116 S.Ct. 1480, 1488 (1996). At the threshold of a selective prosecution claim, Armstrong requires a defendant to make "a credible showing of different treatment of similarly situated persons." Id. at 1489.
 
 
 11
 To support his post-conviction motion for discovery and a new trial, Walker presented: (1) a declaration from J. Patrick Loofburrow, an investigator with Federal Defenders of San Diego, Inc., demonstrating that the majority of defendants charged with cocaine-base offenses in the Southern District of California were African American; (2) a declaration by Dr. John Weeks, a professor at San Diego University, concluding that whites are less likely than African Americans to be arrested for cocaine-base offenses and prosecuted in federal court; and (3) a report published by the San Diego Association of Governments indicating that crack-related law enforcement efforts have concentrated on predominantly African American neighborhoods. Walker also pointed to the government's choice of an African American confidential informant.
 
 
 12
 Although the studies cited by Walker reveal disparities in the demographics of drug prosecutions, none of the evidence in the record suggests that those disparities arise from racial discrimination. Walker has not made out the requisite elements of a selective prosecution claim because he has not identified similarly situated defendants of other races who have received different treatment. Moreover, the government explained that Walker was targeted because of his six prior felony convictions rather than because of his race. In ruling on Walker's motion, the district court agreed that Walker's criminal record led to his selection for federal prosecution.
 
 
 13
 We uphold the district court's denial of Walker's motion for discovery and a new trial.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3