108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos FLORES-ACOSTA,* Defendant-Appellant.
 No. 96-50171.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1997.**
Decided Feb. 13, 1997.
 
 1
 Before: D.W. NELSON and TROTT, Circuit Judges, and ROBERT J. BRYAN,*** District Judge.
 
 
 2
 MEMORANDUM****
 
 
 3
 Carlos Flores-Acosta appeals his jury conviction of conspiracy to distribute methamphetamine and distribution of methamphetamine under 21 U.S.C. §§ 841(a)(1) & 846. Flores-Acosta argues that the evidence is insufficient to sustain his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 To decide whether evidence is sufficient to support a conviction, we must determine whether "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Jones, 84 F.3d 1206, 1210 (9th Cir.), cert. denied, 117 S.Ct. 405 (1996). We conclude that there was sufficient evidence for the jury to find Flores-Acosta guilty of conspiracy to distribute methamphetamine and distribution of methamphetamine beyond a reasonable doubt.
 
 
 5
 Flores-Acosta maintains that no reasonable jury could have found coconspirator Martha Siu's testimony credible. He argues that because of the terms of her plea agreement, she had a motive to be dishonest. Flores-Acosta also claims that no corroborating evidence demonstrates his participation in the conspiracy. The record does not support either argument.
 
 
 6
 Siu's incentives were fully presented and argued to the jury. The jury chose to believe her testimony, and assessment of a witness's credibility is within its province. See United States v. Leung, 35 F.3d 1402, 1405 (9th Cir.1994) (stating that a reviewing court should not upset a jury's credibility determination), cert. denied, 115 S.Ct. 954 (1995); United States v. Lopez, 803 F.2d 969, 973 (9th Cir.1986) (holding that it is the jury's "proper prerogative" to believe a witness where the jury is aware of the challenges to a witness's credibility), cert. denied, 481 U.S. 1030 (1987); United States v. Burns, 701 F.2d 840, 842 (9th Cir.) ("Credibility of witnesses and the weight accorded the evidence ... are questions for the jury that are not reviewable."), cert. denied, 462 U.S. 1137 (1983).
 
 
 7
 Furthermore, Flores-Acosta has not demonstrated, or even suggested, that Siu's testimony was incredible or insubstantial on its face. Siu testified in detail about Flores-Acosta's participation in the drug-distribution conspiracy; and Siu's chronicle of her dealings with Flores-Acosta was not incredible. See Lopez, 803 F.2d at 973 (holding that even the uncorroborated testimony of an accomplice is sufficient to prove the elements of a crime unless it is incredible or insubstantial on its face); United States v. Lim, 984 F.2d 331, 338 (9th Cir.) ("Testimony of an accomplice, if believed, is sufficient to sustain a conviction."), cert. denied, 508 U.S. 965 (1993). A rational trier of fact could have found that Siu's testimony alone provided an adequate basis for a conviction.
 
 
 8
 Moreover, Siu's testimony is supported by corroborating evidence. The prosecution introduced phone and pager records demonstrating contact between Siu and Flores-Acosta in the hours leading up to the transaction; and each of them was carrying the other's phone number at the time they were arrested. Siu and another coconspirator made statements that were videotaped during the drug transaction that tended to implicate Flores-Acosta. Moreover, agents observed Flores-Acosta engaging in countersurveillance activity consistent with his alleged role in the transaction.
 
 
 9
 We find the evidence sufficient to sustain Flores-Acosta's conviction.
 
 
 10
 AFFIRMED.
 
 
 
 *
 True name Augustin Jiminez-Sanchez
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 ***
 Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3