MEMORANDUM*
The district court did not err by denying Deel’s motion to dismiss for lack of jurisdiction over the charge of discharging a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A). Even though that crime is not enumerated in the Major Crimes Act, the court’s jurisdiction was firmly established by United States v. *283 Laughing, 855 F.2d 659, 660 (9th Cir. 1988).
The district court did not err by admitting the rifle cartridge into evidence. A search warrant was not required because the cartridge in the seat of the car was in plain view from outside the car, and there was probable cause to believe that it was evidence of a crime. See United States v. Seljan, 547 F.3d 993, 1005 (9th Cir.2008). Generally speaking, an automobile can be searched without a warrant if there is probable cause to believe it contains contraband or evidence of a crime. United States v. Hatley, 15 F.3d 856, 858-59 (9th Cir.1994).
The FBI agent’s testimony was admissible to impeach the government’s witness with his prior inconsistent statements. See United States v. Higa, 55 F.3d 448, 452 (9th Cir.1995). The district court properly instructed the jury on the limited purpose of the testimony, and we presume that the jury followed those instructions. See Fineberg v. United States, 393 F.2d 417, 419-20 (9th Cir.1968). The testimony also did not violate Deel’s Confrontation Clause rights because “the declarant[s] [were] present at trial to defend or explain it” and the testimony was used “for purposes other than establishing the truth of the matter asserted.” Crawford v. Washington, 541 U.S. 36, 59 n. 9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Even if the extent of the testimony exceeded the district judge’s discretion under Federal Rule of Evidence 403, the error was harmless given the cartridge, the damage to the car and the testimony presented at trial.
The prosecutor did not comment on any purported silence by Deel. To the contrary, the prosecutor’s contention was that Deel did not remain silent and in fact made an ineriminating statement. As for the remainder of Deel’s allegations of misconduct, even if they were true and were misconduct, such minor instances would not have been prejudicial.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.