UNITED STATES of America, Plaintiff-Appellee,

v.

Derrick KIMBLE, Curtis Blount, Defendants-Appellants.

No. 97-5998.

United States Court of Appeals,

Eleventh Circuit.

June 22, 1999.

Appeals from the United States District Court for the Southern District of Florida. (No. 97-42-CR-LCN), Lenore C. Nesbitt, Judge.

Before BLACK and BARKETT, Circuit Judges, and CUDAHY[*], Senior Circuit Judge.

BARKETT, Circuit Judge:

Derrick Kimble and Curtis Blount appeal their convictions for: (1) violating the Hobbs Act, 18 U.S.C. § 1951(b)(1) by committing an armed robbery; (2) violating 18 U.S.C. § 924(c) by using and carrying a firearm during an armed robbery; (3) carjacking in violation of 18 U.S.C. § 2119; and (4) using and carrying a firearm during a carjacking in violation of 18 U.S.C. 924(c). The two men were convicted of robbing a Fuddruckers restaurant in Dade County, Florida and then carjacking the restaurant manager's car and using it to escape. During the robbery, they held the manager at gunpoint and demanded the keys to his car, which was parked outside the restaurant. Kimble and Blount then used the car to escape and were apprehended following a chase. Both men were convicted at trial; Kimble was sentenced to 421 months and Blount to 408 months.

On appeal, Kimble and Blount argue that their convictions should be reversed because the district court erred by not suppressing as unduly suggestive and unreliable the police show-up at which they were identified and that the district court's jury instruction on the Hobbs Act charge improperly removed the Act's

---

[*]Honorable Richard D. Cudahy, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1

interstate commerce component from the jury's consideration. They also argue that their carjacking convictions should be reversed, first because the government presented insufficient evidence to show that they had the specific intent to cause death or serious bodily harm to the manager whose car they took, *see* 18 U.S.C. § 2119 (including as an element of the crime the intent to cause death or serious bodily harm), and second, that taking car keys from a victim not in the immediate vicinity of the motor vehicle does not constitute taking the vehicle from the victim's "person or presence" as required by § 2119. Blount additionally argues that his conviction should be vacated because the district court erred by not granting his motion for severance.

We discuss only the claims arising under the carjacking statute, 18 U.S.C. § 2119, and affirm. We likewise affirm as to Blount and Kimble's other claims, finding no reversible error in the district court's rulings. *See* 11th Cir. R. 36.1.

*Background*

On October 31, 1996, Kimble and Blount entered a Fuddruckers restaurant in Dade County, Florida shortly before it opened. Kimble gathered the employees at gun-point and ordered them to lie face down on the floor. When a mentally retarded employee did not obey his directive, Kimble hit him in the back of the head with his gun. Blount went to the restaurant's back office where supervisor Robert Wilcher was talking on the phone. Wilcher laid the phone down but did not hang up. Blount pointed his gun at Wilcher and ordered him to give him money. He then briefly left Wilcher alone at which time Wilcher picked up the phone and instructed his friend to call the police. When Blount returned, he ordered Wilcher to open the safes and empty their contents into a bag. Wilcher did so, filling the bag with approximately $6,700. Blount then joined Kimble, who was standing guard over the other employees, and they proceeded to rob the employees of some of their personal effects.

Blount and Kimble then demanded to know who among the employees had a car. Wilcher responded that he did and, after ascertaining its make, model and that it was parked alongside the building, one of the

2

assailants reached into Wilcher's pocket and took his keys. They then left through the back door and Wilcher immediately called 911. The police responded and chased Kimble and Blount, apprehending them inside of a housing complex near where they had crashed Wilcher's car. At a show-up conducted shortly thereafter, Kimble and Blount were identified by three Fuddruckers employees. Inside the car, the police found $6,708 in cash and a .380 caliber handgun, as well as a "skully" hat of the type worn by one of the robbers during the robbery. In addition, a loaded nine millimeter pistol was found near the car. Shortly thereafter, Blount confessed to the robbery after waiving his Miranda rights. A redacted version of this tape-recorded confession omitting all reference to Kimble was played at trial.

At trial, Kimble and Blount were found guilty of robbery, carjacking, and using a firearm in the commission of these crimes. Kimble was acquitted of another, unrelated charge of armed robbery under the Hobbs Act. This appeal followed.

*Discussion*

18 U.S.C. § 2119 provides:

Whoever, with intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—

(1) be fined under this title or imprisoned not more than 15 years, or both,

(2) if serious bodily injury ... results, be fined under this title or imprisoned not more than 25 years, or both, and

(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

Blount and Kimble first argue that the statute requires a specific intent to cause death or serious bodily harm while taking the victim's car and that there is no evidence that they had such an intent. Alternatively, they argue that even if conditional intent were all that was required, there is still insufficient evidence to convict because they did not directly threaten anyone and their behavior does not indicate that they were willing to cause harm.

3

Subsequent to the convictions in this case, the Supreme Court decided *Holloway v. United States,* --- U.S. ----, 119 S.Ct. 966, 143 L.Ed.2d 1 (1999), holding that "[t]he intent requirement of § 2119 is satisfied when the Government proves that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver *if necessary to steal the car* (or, alternatively, if unnecessary to steal the car)." *Id.* 119 S.Ct. at 972 (emphasis added). In this case, we are satisfied that the evidence of the defendants' actions throughout the robbery meets this standard. Both men came into the restaurant wielding loaded, semi-automatic pistols. They pointed their guns directly at several of the employees and, although Kimble announced that if everybody did what he said no one would get hurt, they brandished these automatic weapons, forced the employees to lie face down on the floor, and hit one employee with a gun when he refused to comply. Under the facts of this case, we are satisfied that the defendants' actions throughout the robbery would permit a reasonable jury to determine that Kimble and Blount "would have at least attempted to seriously harm or kill [one or more of their victims] if that action had been necessary to complete the taking of the car." *Holloway,* --- U.S. at ----, 119 S.Ct at 972.

Second, Blount argues that there was insufficient evidence that the car was taken from the "person or presence" of Wilcher and that he therefore should not have been convicted of carjacking. *See* 18 U.S.C. § 2119. He contends that taking car keys from a victim not in the immediate vicinity of the motor vehicle does not constitute taking the vehicle from the victim's "person or presence" as required by § 2119, suggesting that the carjacking statute was enacted to deter robbers from forcing people from their cars and that the requirement of "person or presence" necessitates an immediate proximity to the car. Blount argues that because the keys were taken from Wilcher inside the building while the car was parked outside of it, the car was not taken from Wilcher's presence. Thus, we must determine whether robbing a victim of his or her keys and then taking the victim's car which was parked right outside the building from which the keys were taken constitutes the taking of "a motor vehicle ... from the person or presence of another" within the meaning of § 2119.

When attempting to discern the meaning of a statutory term, we look first to the plain language of the statute. *See Gonzalez v. McNary,* 980 F.2d 1418, 1420 (11th Cir.1993). However, the phrase "takes a motor vehicle ... from the person or presence of another," 18 U.S.C. § 2119, is not defined in the statute. The dictionary definition is similarly unhelpful. Webster's Third New International Dictionary defines presence as "the vicinity of, or area immediately near one." We cannot know from this definition how far away one can be from a car and still be in its vicinity or the area immediately near it.

When the meaning of the statute cannot be divined from its plain language, courts look to Congress' intent. *See, e.g., Pyles v. United Air Lines, Inc.,* 79 F.3d 1046, 1051 (11th Cir.1996). Here, the legislative history of § 2119 also provides little aid. Nothing in the legislative history addresses the question before us. However, Congress chose to use the "person or presence" language that is common to many robbery statutes and courts have had occasion to analyze the meaning of that phrase in the context of those statutes. We therefore look to those cases for guidance.

In *United States v. Burns,* 701 F.2d 840, 843 (9th Cir.1983), the Ninth Circuit addressed the meaning of person or presence in the context of 18 U.S.C. § 2111, a federal statute treating crimes of robbery committed within the United States' territorial jurisdiction. In that case, the victim's car was taken after he was robbed of his keys at gunpoint while inside a nearby store. The court affirmed Burns' conviction, endorsing as "a correct statement of the law" the district court's jury instruction defining a taking as being from one's person or presence if "it is so within his reach, inspection, observation or control, that [the victim] could if not overcome by violence or prevented by fear, retain his possession of it." *Id.; see also United States v. W.T.T,* 800 F.2d 780, 782 (8th Cir.1986); (same) (citing *Burns* ); *People v. Raper II,* 222 Mich.App. 475, 563 N.W.2d 709, 712 (1997) (applying same definition of "person or presence" for state carjacking statute). Presence, thus defined, requires a significant degree of nearness without mandating that the property be within easy touch. For example, if the victim were immobilized in one room of the house while the perpetrator took property located in another room, the crime committed would be robbery because, but for

5

the robber's use of violence and intimidation, the victim could have prevented the taking.  *See People v. Blake,* 144 Ill.2d 314, 162 Ill.Dec. 47, 579 N.E.2d 861, 864 (1991) (presence requirement met where victims were immobilized on second floor of residence while property was taken from the first floor).  It would not, however, be robbery to use fear or intimidation to immobilize a victim while an accomplice steals the victim's property from a site several miles away.  Under that scenario, the property is far enough away that the victim, even if free from intimidation or fear, could not prevent its taking.  Consequently, the property would not be within the victim's presence and the defendant would not be guilty of robbery.  *See* WAYNE R. LAFAVE & AUSTIN W. SCOTT, JR., CRIMINAL LAW § 8.11(c) (2nd ed.1986) (explaining the meaning of "person or presence" in the context of robbery statutes).

The only appellate case that directly addresses this question in the context § 2119 is *United States v. Lake,* 150 F.3d 269 (3rd Cir.1998), in which the Third Circuit adopted the definition of "person or presence" approved by the Ninth Circuit in *Burns.*  In *Lake,* the defendant demanded the keys from the victims at gunpoint.  One victim and Lake wrestled briefly but, after Lake brandished his gun and placed it close to her head, she relinquished the keys.  The taking of the keys occurred at the beach while the car was parked in a parking area, up a steep path from the beach.  After some initial hesitation, the two victims pursued Lake up the path, arriving just in time to see him drive off.  The Third Circuit, noting that § 2119's person or presence requirement tracks the language used in other federal robbery statutes, adopted the same definition used by the Ninth Circuit in *Burns.*  It reasoned that if fear had not caused the two victims to hesitate before pursuing Lake, they might have reached the parking lot in time to prevent his taking the car.  Because a rational jury could have found that the car owner from whom Lake took the keys might have prevented Lake from taking the car had she not feared that he would harm or kill her, the court concluded that the car was taken from her presence.  *See Lake,* 150 F.3d at 273.

We are satisfied that this interpretation of "person or presence" from the robbery statutes conforms with both the language and the purpose of § 2119.  The statute was enacted following a rash of car robberies

6

where the victims were either forced from their cars or robbed just prior to getting into the vehicles. Just as with other types of robbery, the victim's proximity to the property is a predicate of the crime. Under this interpretation, the victim must be sufficiently near to the vehicle for it to be within reach, inspection, or control and, absent threat or intimidation, to be able to maintain control of it. For a car to be within one's reach or control, it must be accessible. In *Lake,* the car was close enough for the victims to have prevented its taking had fear of violence not caused them to hesitate. We agree that this degree of nearness is sufficient to sustain a conviction under § 2119.[1]

So too in the instant case, Wilcher was sufficiently near to his vehicle when Blount and Kimble robbed him of it to sustain a conviction under § 2119. Wilcher's car was not several miles away, but parked right outside the restaurant. Had Wilcher not been in fear for his safety, he could have reached the car and prevented its taking. Thus, his car was within his "presence" when Blount and Kimble robbed him of it. *Cf. Raper II,* 563 N.W.2d at 712-13 (removing keys from victim's lifeless body in order to steal his car which was 200 yards away constituted taking the car from victim's "presence" under Michigan carjacking statute); *Mitchell v. State,* 57 Ala.App. 601, 329 So.2d 658, 662-63 (1976) (finding, under facts similar to the instant case, that taking victim's car keys during armed robbery and then stealing her car from behind the restaurant constituted the taking of the car from her "presence" for purposes of robbery statute). Accordingly, we likewise affirm Blount and Kimble's conviction under § 2119.

AFFIRMED.

---

[1] *But see Lake,* 150 F.3d at 275-76 (Becker, C.J., dissenting) (arguing that, even under the facts described in *Lake,* the defendant was at most guilty of "keyjacking"). In Judge Becker's thoughtful dissent, he argues that the car's closeness to the victim is irrelevant to the inquiry. We believe, however, that, because the statute explicitly requires the car to be within the victim's "person or presence" and presence requires an unspecified but nevertheless undeniable proximity, nearness to the vehicle *is* a relevant criterion under § 2119 and must be evaluated when determining guilt or innocence.