# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

## No. 99-60863
_____

### UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

### SHERON EDWARDS,

Defendant-Appellant.

_____

### Appeal from the United States District Court
### for the Northern District of Mississippi

_____

October 26, 2000

Before WOOD[*], DAVIS, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

Primarily at issue is whether the armed robbery of the keys to a vehicle from its owner, only 15 feet from the vehicle, constitutes taking the vehicle "from the person or presence" of the victim, within the meaning of the federal carjacking statute, 18 U.S.C. § 2119.  Sheron Edwards raises this issue, as well as several others, in appealing his conviction and sentence for carjacking and use of a firearm during a crime of violence.  We **AFFIRM**.

I.

_____

[*]Circuit Judge of the Seventh Circuit, sitting by designation.

Early on 15 March 1999, at approximately 12:30 a.m., Kenneth Burns returned to his residence in Starkville, Mississippi. After parking his vehicle in the parking lot, he noticed someone — whom he later identified as Edwards — walking toward him. Burns exited his vehicle, locked it, put the keys in his pocket, and started walking to his apartment. Edwards approached Burns and asked for directions to the Mississippi State University campus. (Burns knew he was in trouble; the campus was only two blocks from Burns' apartment.) After Burns gave Edwards the directions, Edwards pulled a gun, held it to Burns' chest, and demanded his keys and wallet.

Burns threw his keys on the ground. Edwards ordered Burns to get on his knees. After Burns did so, Edwards struck Burns on the back of the head with the gun, pulling the trigger simultaneously. Believing he had been shot in the back of the head, because his body was numb and blood was coming from his mouth, Burns fell face-first to the ground, and pretended to be dead. Edwards took Burns' wallet from his back pocket, and retrieved Burns' keys from the ground where Burns had thrown them.

Using the keys, Edwards drove away in Burns' vehicle. Burns testified at trial that the armed robbery took place on the sidewalk off the parking lot, *about 15 feet from where his vehicle was parked*.

2

Burns ran to a nearby house, and the police were summoned. After Burns described the robbery to officers, they drove him to the scene of an automobile accident. Burns' vehicle had been involved in the accident; and, at the scene, he identified Edwards as his assailant.

Edwards was charged with carjacking, causing "serious bodily injury", in violation of 18 U.S.C. § 2119, and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). A jury found Edwards guilty on both counts. Departing upward from the Sentencing Guidelines range, the district court sentenced Edwards to consecutive 120-month sentences for each conviction.

## II.

Edwards challenges the sufficiency of the evidence for his carjacking conviction, claiming the Government failed to prove he took the vehicle from Burns' "person or presence" as required by § 2119. In addition, he contends: § 2119 is unconstitutionally vague; the evidence was insufficient to prove Burns sustained "serious bodily injury" under 18 U.S.C. § 2119(2) (sentence enhanced for serious bodily injury); and the district court erred by denying his motion to suppress identification evidence, refusing to order that his sentence run concurrently with any state sentence to be imposed, and departing upward.

Only the first issue — § 2119's "person or presence" element — requires discussion. The remaining issues are without merit.

The carjacking statute proscribes taking a motor vehicle "from the *person or presence of another* by force and violence or by intimidation". 18 U.S.C. § 2119 (emphasis added). Edwards contends that the evidence is insufficient to prove he took Burns' vehicle from his "person or presence ... by force and violence or by intimidation", because Burns was *not* in the vehicle, and he only took Burns' *keys* from his "person or presence".

Edwards presented this issue in pre- and post-verdict motions for judgment of acquittal. Accordingly, in considering his sufficiency challenge, we review the evidence in the light most favorable to the verdict, to determine whether any reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt. *E.g.*, **United States v. Martinez**, 975 F.2d 159, 160-61 (5th Cir. 1992), *cert. denied*, 507 U.S. 943 (1993). Of particular importance to the case at hand is that "[a]ll reasonable inferences from the evidence must be construed in favor of the jury verdict". **Id.** at 161.

Our court has *not* addressed § 2119's "person or presence" element. "Presence" is *not* defined by the statute. No authority need be cited for the requirement to apply the plain meaning of the words used in a statute. But, the dictionary definition of "presence" does *not* provide the requisite certainty. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1793 (1986) defines "presence" as "the part

4

of space within one's ken, call, or influence:  the vicinity of or the area immediately near one".

It is quite arguable that, under this definition, Burns' vehicle, being *only* 15 feet (approximately five or six steps) away from him, was in his "presence" because it was, in a relative sense, within his "influence" or in his "vicinity".  More certainty, however, is required.

An alternative source for construing the statute, legislative history, does *not* address this issue.  ***United States v. Kimble***, 178 F.3d 1163, 1166-67 (11th Cir. 1999), *cert. denied*, ___ U.S. ___, 120 S. Ct. 805, 806 (2000).  In addition to the holding by the Eleventh Circuit in ***Kimble***, discussed *infra*, the issue has been addressed by two other circuits.

In ***United States v. Lake***, 150 F.3d 269 (3d Cir. 1998), *cert. denied*, 525 U.S. 1088 (1999), the Third Circuit rejected a contention similar to Edwards'.  Lake took the victim's keys at gunpoint; ran up a steep path to the road, where the victim's car was parked; and drove it away.  ***Id***. at 270-72.  The victim pursued Lake, but did *not* reach him in time to prevent the vehicle theft.  ***Id***. at 272-73.

Lake claimed the evidence was insufficient to prove he took the vehicle from the victim's "person or presence", because, when he took her keys, the victim could neither see nor touch her vehicle.  ***Id***. at 272.  The court observed:  "The carjacking

5

statute's requirement that the vehicle be taken 'from the person or presence of the victim' 'tracks the language used in other federal robbery statutes'".  *Id*. at 272 (citing 18 U.S.C. §§ 2111, 2113, 2118; internal quotation marks and other citations omitted).

Under those statutes, "'property is in the *presence* of a person if it is so within his reach, observation or control, *that he could if not overcome by violence or prevented by fear*, retain his possession of it'".  *Id*. at 272 (emphasis added) (quoting **United States v. Burns**, 701 F.2d 840, 843 (9th Cir.) (affirming conviction for violation of 18 U.S.C. § 2111, proscribing robbery committed within territorial jurisdiction of United States, where victim's car was taken after he was robbed of his keys at gunpoint while inside a nearby store), *cert. denied*, 462 U.S. 1137 (1983)); *see also* **Norris v. United States**, 152 F.2d 808, 809 (5th Cir.) ("Robbery in its usual and ordinary sense, and as used in [former 18 U.S.C. § 99, now 18 U.S.C. § 2112, proscribing robbery of personal property belonging to the United States] means the felonious taking of property from the person of another by violence *or by putting him in fear*.  A felonious taking in his presence is a taking from the person when it is done with violence and against his will." (emphasis added)), *cert. denied*, 328 U.S. 850 (1946). Applying the definition used for federal robbery statutes, the Third Circuit held:  there was evidence from which a *rational jury could have inferred* that, because she was fearful, the victim

6

hesitated before pursuing Lake; and, had she *not* so hesitated, she could have prevented the theft of her car. 150 F.3d at 273.

Chief Judge Becker dissented, *id*. at 275-76, stating he "would join an opinion upholding Lake's conviction for 'keyjacking,' or for both key robbery and grand larceny", but could *not* agree Lake had taken the vehicle from the victim's "person or presence". *Id*. at 275. He rejected the majority's view of "person or presence", maintaining it was contrary to the plain meaning of "presence". *Id*. (noting the above-discussed dictionary definition: "the vicinity of or the area immediately near one"). He also disagreed with the majority's emphasis on what the victim might have done, had she *not* been afraid. *Id*. at 275-76. He reasoned that, if the relevant inquiry was what the victim might have done but for fear, the fact that her vehicle was nearby was irrelevant to the majority's approach. *Id*. at 276.

In *Kimble*, the Eleventh Circuit adopted the Third Circuit's definition of "person or presence". While robbing a restaurant, defendants held the manager at gunpoint and demanded the keys to his vehicle, which was parked outside the restaurant. 178 F.3d at 1164. They then used the vehicle to escape. *Id*.

The Eleventh Circuit held that the victim was sufficiently near his vehicle when the defendants robbed him of it to satisfy the "person or presence" requirement, because, had the victim "not been in fear for his safety, he could have reached the car and

7

prevented its taking". *Id*. at 1168. The court rejected the view in the *Lake* dissent that the vehicle's proximity to the victim was irrelevant, stating:

> [B]ecause the statute explicitly requires the car to be within the victim's 'person or presence' and *presence requires an unspecified but nevertheless undeniable proximity*, nearness to the vehicle *is* a relevant criterion under § 2119 and must be evaluated when determining guilt or innocence.

*Id*. at 1168 n.1 (emphasis added).

The Tenth Circuit has also applied the same definition of "person or presence" to § 2119. *See United States v. Moore*, 198 F.3d 793, 796-97 (10th Cir. 1999), *cert. denied*, ___ U.S. ___, 120 S. Ct. 1693 (2000). The court rejected defendant's challenge to the sufficiency of the evidence, holding that defendant took the vehicle from the victim's "person or presence" when he took the keys to her vehicle after tying her up inside a bank during a robbery, and left the scene in her vehicle, which was parked outside the bank. *Id*. at 794-95, 797. The court stated:

> A reasonable jury could have found that the victim ... could have prevented the taking of her vehicle had she *not* been fearful of the defendant. The keys to the vehicle were in [the victim's] immediate control and had she *not* been under the control of the defendant and fearful for her life, she could have easily walked out the door to the parking lot and driven away in her car, thus preventing the defendant from taking it.

*Id*. at 797 (emphasis added).

8

We agree with the Eleventh Circuit that "this interpretation of 'person or presence' from the robbery statutes conforms with both the language and the purpose of § 2119". *Kimble*, 178 F.3d at 1167. As that court noted, enactment of the carjacking statute followed "a rash of car robberies where the victims were either forced from their cars or robbed just prior to getting into the vehicles". *Id.* "Under this interpretation, the victim must be sufficiently near to the vehicle for it to be within reach, inspection, or control and, absent threat or intimidation, to be able to maintain control of it". *Id.* at 1168. "For a car to be within one's reach or control, it must be accessible." *Id.*

Applying this interpretation to the facts at hand, the evidence was sufficient to support a reasonable jury finding that Edwards took Burns' vehicle from his "person or presence ... by force and violence". *See* 18 U.S.C. § 2119. Burns, who had just parked and exited his vehicle, was *only* 15 feet away from it when Edwards forcibly took the vehicle's keys from the ground where Burns had thrown them at the inception of the armed robbery. After having been struck on the head by Edwards, who simultaneously discharged his gun, causing Burns to believe he had been shot, Burns pretended to be dead. The jury reasonably could have inferred that, had Burns *not* been in fear for his safety (a most understandable reaction to the circumstances), he could have quickly reached his vehicle and prevented Edwards from taking it.

9

### III.

For the foregoing reasons, the judgment is

**_AFFIRMED._**