**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4629**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAJUAN JOESA DAVIS,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:05-cr-00285-HEH-1)

———————————

Submitted:  April 11, 2007              Decided:  May 29, 2007

———————————

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Michael S. Nachmanoff, Acting Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Frances H. Pratt, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, Lajuan Davis was convicted of one count of conspiracy, in violation of 18 U.S.C. § 371 (2000); one count of conspiracy to commit flight to avoid prosecution, in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1073 (2000); one count of carjacking, in violation of 18 U.S.C. §§ 2119 and 2 (2000); one count of use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c) (2000); one count of interstate transportation of a stolen automobile, in violation of 18 U.S.C. §§ 2312, 2313 (2000); two counts of bank fraud, in violation of 18 U.S.C. § 1344 (2000); and two counts of wire fraud, in violation of 18 U.S.C. § 1343 (2000). The district court sentenced Davis to life imprisonment. Davis appeals his convictions and sentence. For the reasons that follow, we affirm.

Davis first claims the district court erred when it denied his motion to suppress. This court reviews legal conclusions involved in a district court's suppression determination de novo, but reviews factual findings underlying the legal conclusions under a clearly erroneous standard. See United States v. Rusher, 966 F.2d 868, 873-74 (4th Cir. 1992).

The ultimate due process test for confessions is one of voluntariness. Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973). A confession violates due process and must be suppressed only if it was obtained by tactics which overbore a suspect's will

- 2 -

and critically impaired his capacity for self-determination.  Id. at 225-26.  Whether a confession is voluntary must be determined from an examination of "the totality of all the surrounding circumstances--both the characteristics of the accused and the details of the interrogation."  Id. at 226.

A review of the record reveals that Davis' March 28, 2001 and April 17, 2002 statements were voluntary.  Moreover, the fact that the March 28 statement was made under the grant of state use immunity does not render it involuntary.  See Taylor v. Singletary, 148 F.3d 1276, 1280 (11th Cir. 1998) ("A voluntarily-entered informal immunity agreement does not, by virtue of its existence, override a witness' free will such that the witness' testimony is involuntary under the Due Process Clause.")  Accordingly, the district court properly denied Davis' motion to suppress.

Davis next asserts that there was insufficient evidence to convict him of carjacking because (1) there was no evidence that the victim's car was taken from his person or presence and (2) there was no evidence of intent to cause death or serious harm.[*]  A defendant challenging the sufficiency of the evidence faces a heavy burden.  See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).  "[A]n appellate court's reversal of a

---

[*]The carjacking statute requires proof of five elements: (1) taking a motor vehicle (2) that had been transported, shipped, or received in interstate or foreign commerce (3) from the person or presence of another (4) by force or intimidation (5) with the intent to cause death or serious harm.  18 U.S.C. § 2119.

- 3 -

conviction on grounds of insufficiency of evidence should be 'confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

In evaluating the sufficiency of the evidence, this court does not "weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). When the evidence supports differing reasonable interpretations, the jury decides which interpretation to believe. Id. Furthermore, "[t]he Supreme Court has admonished that we not examine evidence in a piecemeal fashion, but consider it in cumulative context." Burgos, 94 F.3d at 863 (citations omitted). "The focus of appellate review, therefore, . . . is on the complete picture, viewed in context and in the light most favorable to the Government, that all of the evidence portrayed." Id.

Davis first contends that there was not substantial evidence to support the conclusion that the victim's car was taken from his person or presence. The presence requirement of the carjacking statute can be satisfied when the victim was inside a building and the stolen vehicle was parked outside the building. See, e.g., United States v. Lopez, 271 F.3d 472, 486 (3rd Cir. 2001) (holding that the presence requirement of the carjacking statute was satisfied when the victims were attacked and beaten inside their house and keys to a van parked outside the house were taken); United States v. Moore, 198 F.3d 793, 797 (10th Cir. 1999) (holding that the presence requirement of the carjacking statute was satisfied when keys were taken from a bank employee whose car was parked in a parking lot outside the bank); United States v. Kimble, 178 F.3d 1163, 1168 (11th Cir. 1999) (holding that the presence requirement of the carjacking statute was satisfied when keys were taken from a restaurant employee whose car was parked outside the restaurant). These cases also make clear that the presence requirement has limits. In the carjacking context, "courts have required the victim to have *both* a degree of physical proximity to the vehicle and an ability to control or immediately obtain access to the vehicle." United States v. Servarese, 385 F.3d 15, 20 (1st Cir. 2004).

In the present case, although the victim was not inside or immediately next to his car, the vehicle remained proximate to

him in the driveway just outside his home, and the victim retained an ability to control the area in which the vehicle was located. The victim was induced to relinquish his keys only as a result of Davis', and his co-defendant's, acts of violence. The vehicle was sufficiently proximate to the victim and within his control. Thus, were it not for Davis' and his co-defendant's actions and their use of fear and intimidation, the victim could have maintained control of his vehicle. Accordingly, there was substantial evidence to support a finding that the victim's vehicle was taken from his person or presence.

Davis also argues that there was not substantial evidence to support a finding that he took the victim's car with the intent to cause death or serious bodily harm as required by 18 U.S.C. § 2119. The intent requirement of § 2119 is satisfied when the government proves that, at the moment the defendant demanded or took control of the vehicle, the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car. Holloway v. United States, 526 U.S. 1, 12 (1999). The government need not prove that the defendant actually intended to cause the harm; it is sufficient that the defendant was conditionally prepared to act if the person failed to relinquish the vehicle. United States v. Wilson, 198 F.3d 467, 470 (4th Cir. 1999).

With regard to the intent element, the district court determined that Davis was a principal in the carjacking, and found

that "[w]hile Mr. Davis with his own hands did not kill [the victim], he knew that violence was an integral part of what they were going to do. There was no other reason to take the shotgun, there was no other reason to forcibly take custody of [the victim] or to forcibly take his keys from him. So I think they have shown a specific intent to cause bodily injury or murder."

This finding is supported by substantial evidence. Although Davis may not have been the primary aggressor in the carjacking, this does not lessen his culpability. His own actions, and the concerted efforts of his co-defendant, support the court's finding that Davis shared an intent to cause death or serious bodily harm. In sum, the evidence at trial established that Davis and his co-defendant carried a weapon as they set off in search of someone to carjack. When they came upon the victim's house, Davis checked the front of the house and saw the victim was in his living room. Davis then entered the victim's house through the rear kitchen door, followed by his co-defendant, who was carrying the shotgun, and assisted in overpowering the victim and stealing his keys and personal effects. Davis' co-defendant subsequently killed the victim in an adjacent field. Davis' actions in assisting his co-defendant sufficiently show that he shared the intent to harm or kill the victim if necessary to steal his car.

Davis also appeals his sentence on the ground that it is unreasonable. After <u>United States v. Booker</u>, 543 U.S. 220 (2005),

- 7 -

a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts must still calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 433. "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

Here, the district court sentenced Davis post-Booker, appropriately treated the guidelines as advisory, and considered the § 3553(a) factors. Hence, we reject Davis' contention that the district court applied erroneous legal standards in determining his sentence. Rather, the district court properly calculated the guideline range and appropriately treated the guidelines as advisory. The district court expressly noted that it considered "all the facts and circumstances set forth in [18 U.S.C. § 3553(a)]," and expressly acknowledged the difficulties in Davis' background and the seriousness of his crime. After considering Davis' arguments, the district court reasonably concluded that a sentence in the guideline range was appropriate. Based on these

factors, and because the court sentenced Davis within the applicable guideline range and below the statutory maximum, Davis' sentence of life imprisonment is reasonable.

Davis further argues that the district court erred in failing to apply a variance sentence of no more than fifty years' imprisonment because the district court misunderstood its authority to impose a variance sentence. However, the record, read in its entirety, reveals that the district court understood its authority to impose a variance sentence, but declined to do so. See United States v. Johnson, 445 F.3d 339, 342-43 (4th Cir. 2006) (sentences within guidelines range are presumptively reasonable in part due to incorporation of § 3553(a) factors into the guidelines). The district court concluded that the evidence presented by Davis at sentencing was not sufficient to diverge from the guidelines range, as was appropriate given the presumption of reasonableness afforded to a sentence within the guidelines range. See United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006) (variance must be supported by the facts of the particular case); Moreland, 437 F.3d at 434 (divergence from guidelines range must be based on plausible reasons for doing so).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED