[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 18, 2010
JOHN LEY
CLERK

No. 10-10979
Non-Argument Calendar

_____

D.C. Docket No. 2:09-cr-00034-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK EVERETT SHARP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 18, 2010)

Before CARNES, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Mark Everett Sharp appeals his sentences of life imprisonment for three

counts of armed bank robbery, 18 U.S.C. §§ 2, 2113(a), 2113(d), using a firearm

during a crime of violence, §§ 2, 924(c), and carjacking, id. §§ 2, 2119(a). Sharp challenges the enhancement of his sentences for carjacking, the finding that his demand notes to bank tellers contained threats to use a firearm, and the enhancement of his sentences under the "three strikes" statute, id. § 3559(c)(1). We affirm.

Sharp was indicted for eight crimes related to his robbery of three banks in October 2008, December 2008, and April 2009. After Sharp entered pleas of not guilty, the government provided notice of its intention to request mandatory terms of life imprisonment for Sharp's prior convictions for bank robbery in 1985 and 1986, id. § 3559(c)(1). Sharp later pleaded guilty to five crimes: three counts of bank robbery, using a firearm during one robbery, and carjacking, id. §§ 2, 924(c), 2113(a), 2113(d), 2119(a).

The presentence investigation report described Sharp's bank robberies and his criminal history. The report stated that Sharp committed carjackings during the October and December 2008 bank robberies, and the report added two points to the offense levels for those robberies. United States Sentencing Guideline § 2B3.1(b)(5) (Nov. 2001). The report described how Sharp held the employees at gunpoint, demanded that they relinquish their keys and identify their vehicle, and drove away in those vehicles while the employees remained inside the banks. The

2

report also assigned three points to Sharp's criminal history for his 11 convictions for bank robbery in 1986. With a total offense level of 33 and a criminal history of II, the report provided an advisory guideline range of 151 to 188 months of imprisonment. The report stated that Sharp was subject to mandatory sentences of life imprisonment for his carjacking and bank robbery offenses and a consecutive sentence of life imprisonment for his firearm offense. Id. §§ 924(c)(1)(D)(ii), 3559(c)(1), 3559(c)(2)(F)(i).

Both the government and Sharp objected to the presentence report. The government objected that the offense level for Sharp's 2009 robbery should have been increased by two points because it also involved a carjacking. Sharp objected that the carjacking enhancement did not apply to any of the robberies because he had not taken a vehicle from the "presence" of an employee of the banks. Sharp objected that his bank robberies in 1986 were not serious violent felonies because the demand notes he gave bank tellers during the robberies did not contain a "threat of us[ing] . . . a firearm," 18 U.S.C. § 3559(c)(3)(A)(i). Sharp also objected that the enhancement of his sentences under the "three strikes" statute violated his right to due process under the Fifth and Sixth Amendments to the U.S. Constitution because his prior bank robberies were not alleged in his indictment or found by a jury to be serious violent felonies. The district court

3

overruled Sharp's objections, but sustained the objection by the government about the enhancement for carjacking for the 2009 robbery.

The district court did not err by enhancing Sharp's offense levels for carjacking. A carjacking occurs when there is a "taking or attempted taking of a motor vehicle from the person or presence of another by force and violence or by intimidation." U.S.S.G. § 2B3.1 cmt n.1. Although the Sentencing Guidelines do not define the phrase "from the presence of another," we interpreted the same phrase in the carjacking statute, 18 U.S.C. § 2119, to require proof that "the victim . . . be sufficiently near to the vehicle for it to be within reach, inspection, or control and, absent threat or intimidation, to be able to maintain control of it." United States v. Kimble, 178 F.3d 1163, 1168 (11th Cir. 1999). We held in Kimble that taking the car keys of a restaurant employee during an armed robbery and stealing the car parked outside the building constituted a taking of the car from the presence of the employee. Id. Like the carjacking in Kimble, Sharp stole vehicles from the "presence" of the bank tellers.

The district court did not clearly err by finding that Sharp's bank robberies in 1986 were serious violent felonies. A bank robbery is a serious violent felony, 18 U.S.C. § 3559(c)(2)(F)(i), unless the "defendant establishes by clear and convincing evidence" that he did not threaten to use a firearm or other dangerous

4

weapon during the robbery, id. § 3559(c)(3)(A)(i).  Sharp argues that the demand notes he gave bank tellers during the robberies did not contain a threat because the notes stated that he possessed a gun, not that he intended to use it, but that argument is absurd.  Sharp's notes demanded money and stated that he had a gun, and some of the notes warned the bank tellers that, if they included a dye pack or sounded an alarm, Sharp would "be back."  Sharp's notes communicated the threat that he would use a firearm if the bank tellers failed to comply with his demands.

The district court also did not err by enhancing Sharp's sentences under the "three strikes" statute.  Sharp acknowledges his argument is foreclosed by the decision of the Supreme Court in Almendarez-Torres v. United States, 523 U.S. 224, 226–27, 118 S. Ct. 1219, 1222 (1998).  We have held repeatedly that Almendarez-Torres remains the law until the Supreme Court overrules that decision.  See United States v. Palomino Garcia, 606 F.3d 1317, 1337 (11th Cir. 2010).

We **AFFIRM** Sharp's sentences.