**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Larry Eugene DENNISON,
Defendant-Appellant.**

**Nos. 83–1434 to 83–1436.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 2, 1983.

Decided March 23, 1984.

James Martinkus, Champaign, Ill., for defendant-appellant.

Charlene A. Quigley, Asst. U.S. Atty., Danville, Ill., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, CUDAHY, Circuit Judge, and MAROVITZ, Senior District Judge.*

PER CURIAM.

After a trial before a jury in the United States District Court for the Central District of Illinois, Larry Eugene Dennison was found guilty of three counts in a four-count indictment arising under 15 U.S.C. § 1644[1] in connection with a single stolen

---

* The Honorable Abraham L. Marovitz, Senior District Judge for the Northern District of Illinois, is sitting by designation.

1. 15 U.S.C. § 1644 provides as follows:

(a) Whoever knowingly in a transaction affecting interstate or foreign commerce, uses or attempts or conspires to use any counterfeit, fictitious, altered, forged, lost, stolen, or fraudulently obtained credit card to obtain money, goods, services, or anything else of value which within any one-year period has a value aggregating $1,000 or more; or

(b) Whoever, with unlawful or fraudulent intent, transports or attempts or conspires to transport in interstate or foreign commerce a counterfeit, fictitious, altered, forged, lost, stolen, or fraudulently obtained credit card knowing the same to be counterfeit, fictitious, altered, forged, lost, stolen, or fraudulently obtained; or

(c) Whoever, with unlawful or fraudulent intent, uses any instrumentality of interstate or foreign commerce to sell or transport a counterfeit, fictitious, altered, forged, lost, stolen, or fraudulently obtained credit card knowing the same to be counterfeit, fictitious, altered, forged, lost, stolen, or fraudulently obtained; or

(d) Whoever knowingly receives, conceals, uses, or transports money, goods, services, or anything else of value (except tickets for interstate or foreign transportation) which (1) within any one-year period has a value aggregating $1,000 or more, (2) has moved in or is part of, or which constitutes interstate or foreign commerce, and (3) has been obtained with a counterfeit, fictitious, altered, forged, lost, stolen, or fraudulently obtained credit card; or

(e) Whoever knowingly receives, conceals, uses, sells, or transports in interstate or foreign commerce one or more tickets for inter-

VISA credit card: 1) illegally transporting the stolen credit card from Illinois to Indiana and other states in violation of Section 1644(b); 2) using the stolen credit card in a transaction affecting interstate commerce in violation of Section 1644(a); and 3) transporting goods obtained by use of the credit card in violation of Section 1644(d).[2] For the first two violations, District Judge Harold A. Baker imposed consecutive ten- and eight-year sentences. He imposed a concurrent ten-year sentence for the third.[3]

■■■ Dennison argues that separate sentences for the Section 1644 violations amount to multiple punishments for the same offense and thus are barred by the double jeopardy clause of the Fifth Amendment as interpreted in *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656. Specifically, he claims that the eight-year consecutive sentence for the Section 1644(a) violation is constitutionally impermissible because, when combined with the ten-year consecutive sentence under Section 1644(b), his total sentence of incarceration for the single course of conduct with the single credit card is greater than ten years. However, this argument fails because Dennison's conduct in violation of Section 1644(a) and (b), see note 1 *supra*, clearly constituted separate offenses. "[T]he test to be applied to determining whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182,

76 L.Ed. 306. Establishing Dennison's violation of Section 1644(a) required proof that he actually used the stolen credit card to obtain something valued at a minimum of $1,000, but did not require proof that Dennison transported the credit card in interstate commerce. Section 1644(b), on the other hand, required proof that he transported the card in interstate commerce but not that he actually used the card. Because each subsection required proof of a fact not necessary to prove the other subsection, Dennison's conduct constituted separate offenses which could be punished separately, even though that conduct occurred in a single transaction.

■■■ Dennison then contends that Section 1644 unambiguously requires ten years' incarceration to be the maximum total prison sentence which may be imposed for any ·number of violations of this Section occurring in a single transaction. Alternatively, he argues that the rule of lenity, enunciated in *Ladner v. United States*, 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199, and not the rule enunciated in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, should apply if the Court finds Section 1644 is ambiguous. Because we conclude that Section 1644 unambiguously allows imposition of a separate, and therefore potentially consecutive, sentence for each separate violation of Section 1644, even if occurring in the same transaction, we affirm without reaching Dennison's alternative lenity argument.

state or foreign transportation, which (1) within any one-year period have a value aggregating $500 or more, and (2) have been purchased or obtained with one or more counterfeit, fictitious, altered, forged, lost, stolen, or fraudulently obtained credit cards; or

(f) Whoever in a transaction affecting interstate or foreign commerce furnishes money, property, services, or anything else of value, which within any one-year period has a value aggregating $1,000 or more, through the use of any counterfeit, fictitious, altered, forged, lost, stolen, or fraudulently obtained credit card knowing the same to be counterfeit, fictitious, altered, forged, lost, stolen, or fraudulently obtained—

shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

**2.** Dennison was found not guilty of illegally transporting a stolen Exxon credit card from Illinois to Indiana in violation of Section 1644(b).

**3.** After the jury trial and pursuant to a plea bargain agreement Dennison pleaded guilty to one count in each of two multi-count indictments. The government recommended and Judge Baker imposed sentences which run concurrently with the Section 1644 sentences. Although the cases under all three indictments have been consolidated for this appeal, Dennison makes no claim with regard to the two indictments which were the subject of the plea agreements. Nor does he challenge the plea agreements themselves.

In support of his claim, Dennison relies primarily on the fact that Section 1644 has only a single penalty provision for the entire Section and not a separate penalty provision for each subparagraph. See note 1 *supra*. He claims this draftsmanship device means that ten years is the maximum cumulative period of incarceration for all offenses occurring under any subsection in a single transaction. We reject this formalistic argument, just as the Supreme Court rejected a similar argument in *Blockburger v. United States*, 284 U.S. 299, 305, 52 S.Ct. 180, 182, 76 L.Ed. 306:

> Nor is there merit in the contention that the language of the penal section of the Narcotic Act, "any person who violates or fails to comply with any of the requirements of this act" shall be punished, etc., is to be construed as imposing a single punishment for a violation of the distinct requirements of §§ 1 and 2 [of the Harrison Narcotic Act, 38 Stat. 785–786, as amended at 40 Stat. 1131, omitted from the 1939 and subsequent Internal Revenue Acts] when accomplished by one and the same sale. The plain meaning of the provision is that each offense is subject to the penalty prescribed. * *

It is clear that Section 1644's penalty provisions are intended to be read as part of each subparagraph identifying a separate substantive credit-card related offense ((a) through (f)). The subparagraphs are joined with the disjunctive "or", indicating that each subparagraph, standing alone, states a separate and separately punishable violation, even where, as here, several separate offenses occur in the same course of conduct. Section 1644's penalty provisions are stated once, rather than repeated in each paragraph, only as a matter of legislative efficiency and to avoid redundancy. This drafting device does not signal Congressional intent to limit to ten years' incarceration the total sentence possible for all violations of Section 1644 arising in a single course of conduct. Dennison cites

*Albernaz v. United States*, 450 U.S. 333, 336, 101 S.Ct. 1137, 1140, 67 L.Ed.2d 275, in support of his position that the single sentencing provision precludes multiple sentencing. However, *Albernaz* is inapposite since in that case the Supreme Court considered only whether multiple sentencing was permitted for "separate offenses with separate penalty provisions." *Id.*

Since the language of Section 1644 is unambiguous, it is not necessary to review the statute's legislative history. In any event, the legislative history of this statute confirms Congress' intent to permit multiple sentencing. In 1974, Congress greatly expanded the coverage of Section 1644, in part by making offenses the acts now covered in subsections (b) through (f).[4] This expansiveness indicates that Congress' purpose was to "crack down" on credit card misuse. Separate sentencing for each offense arising in the same course of conduct promotes this purpose and is not inconsistent with the language of Section 1644 nor in violation of the double jeopardy clause.

For these reasons, the decision of the district court is affirmed.

---

**4.** Prior to the 1974 amendments, Section 1644 consisted only of a less inclusive version of current Section 1644(a) and a less stringent penalty provision. See Pub.L. 91–508, Title I, § 134, 1 U.S.Code & Admin.News 1316 (1970).