In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-1494

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

*v.*

MICKEY LONIELLO and NATHANIEL AGUILAR,

*Defendants-Appellees*.

No. 09-1606

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

*v.*

WALTER THORNTON,

*Defendant-Appellee*.

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
Nos. 05 CR 813 & 07 CR 336—**James B. Zagel**, *Judge*.

ARGUED SEPTEMBER 14, 2009—DECIDED JUNE 29, 2010

Before EASTERBROOK, *Chief Judge*, and BAUER and
EVANS, *Circuit Judges*.

EASTERBROOK, *Chief Judge*.   The federal bank-robbery statute, 18 U.S.C. §2113, comprises several crimes, including attempted bank robbery, armed bank robbery, unarmed bank robbery, assault during a bank robbery, and receiving the proceeds of a bank robbery. This appeal presents the question whether this statute's first subsection creates one crime or two. This subsection provides:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

> Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. §2113(a). The prosecutor contends that the first two paragraphs of §2113(a) create distinct offenses. But

the district court held that §2113(a) creates only one offense. *United States v. Loniello*, 2009 U.S. Dist. LEXIS 6289 (N.D. Ill. Jan. 28, 2009); *United States v. Thornton*, 2009 U.S. Dist. LEXIS 11274 (N.D. Ill. Feb. 12, 2009).

The difference matters because all three defendants (Mickey Loniello and Nathaniel Aguilar in one prosecution, Walter Thornton in the other) have been acquitted of violating §2113(a) ¶1, which forbids attempting to rob a bank by force or intimidation. Thornton was convicted of this charge after evidence at trial showed that, while armed and disguised, he walked to the door of a bank and began to open it, then fled when a passerby saw what was happening. We reversed his conviction after concluding that §2113(a) ¶1 requires proof that the defendant *actually* used force or intimidation; the attempt aspect of ¶1 deals with an attempt to rob the bank, not an attempt to use force or intimidation. *United States v. Thornton*, 539 F.3d 741 (7th Cir. 2008). Because the evidence did not show that Thornton used force or intimidation, we held that he was entitled to be acquitted of the charge under ¶1, though we added that his acts appeared to violate ¶2. Loniello and Aguilar, who were convicted on facts similar to Thornton's, had motions for acquittal pending when our opinion in *Thornton* was released. The district court granted those motions without opposition from the prosecutor—who then obtained new indictments charging Thornton, Loniello, and Aguilar with violating §2113(a) ¶2. The district court dismissed these new charges, concluding that, because §2113(a) creates a single offense, the fifth amendment's double jeopardy clause blocks another prosecution.

The prosecutor's argument on appeal under 18 U.S.C.
§3731 ¶1 starts with *Blockburger v. United States*, 284
U.S. 299 (1932), which holds that the statutory elements
define how many distinct crimes have been created. If
each statute contains an element that the other does
not, then the offenses are different. If one statute has
an element missing from the second, but all of the
second's elements are in the first, then the second is a
lesser included offense of the first. And if the statutes'
elements are identical, then they are one offense. See
also, e.g., *Schmuck v. United States*, 489 U.S. 705, 715–21
(1989). If two statutes create one offense, or one statute
creates a lesser included offense of another, then
the double jeopardy clause limits to one the number of
permissible prosecutions. *United States v. Dixon*, 509 U.S.
688 (1993); *Brown v. Ohio*, 432 U.S. 161 (1977).

When different indictments charge crimes with differ-
ent elements, successive trials do not violate the double
jeopardy clause. Arguments that all crimes arising from
the same facts or same transaction must be charged and
tried together have not prevailed. See, e.g., *Garrett v.
United States*, 471 U.S. 773, 790 (1985); *Dixon*, 509 U.S. at
709 n.14. A partial version of the same-transaction ap-
proach has been adopted via the law of issue preclusion
(collateral estoppel): if a jury at the first trial resolves in
a defendant's favor facts that are essential to a second
prosecution, then the double jeopardy clause blocks
the second trial. See, e.g., *Yeager v. United States*, 129 S. Ct.
2360 (2009); *Ashe v. Swenson*, 397 U.S. 436 (1970). But the
triers of fact on the ¶1 charges (juries for Thornton
and Aguilar, a judge in a bench trial for Loniello) resolved

all factual disputes in the prosecution's favor, so the fact that the multiple indictments arise from the same transaction does not assist these defendants.

Paragraphs 1 and 2 of §2113(a) create different offenses under the *Blockburger* standard. Paragraph 1 requires proof of force or intimidation, while ¶2 does not. Paragraph 2 requires proof of an actual or attempted entry of a bank, while ¶1 does not. It is possible to violate §2113(a) ¶1 without coming anywhere near a bank—the robber could steal the bank's money from an armored car or obtain it by kidnapping a bank's employee and demanding that a ransom be left at a pick-up point far from the bank. See *United States v. Hackett*, 623 F.2d 343 (4th Cir. 1980). By contrast, it is impossible to violate ¶2 without at least attempting to enter the bank. There are other differences too. This much is common ground among the parties and the district judge. But defendants contend that we should not use the *Blockburger* standard. They have two reasons. First, paragraphs 1 and 2 are part of a single subsection, and defendants maintain that this evinces a legislative determination that there is only one offense. Second, the Supreme Court has held that convictions under multiple subsections of §2113 support only one sentence. See, e.g., *Prince v. United States*, 352 U.S. 322 (1957). Defendants insist that this must mean that all components of §2113 are a single crime, no matter how much the elements of one subsection differ from those of another.

Defendants' first line of argument makes too much of the numbering system, often the work of the Office of the

Law Revision Counsel (which converts the Statutes at Large into the United States Code, see 2 U.S.C. §285b) rather than of Congress itself. There is no rule that one section or subdivision of a statute may contain just one crime, or that every separate number must create a different crime.

We cannot imagine any reason why the Constitution would be thought to allow successive prosecutions if §2113(a) ¶1 were redesignated §2113(a)(1), and ¶2 as §2113(a)(2), or if they were renumbered as §2113(a) and §2113(b), with the letters designating other subsections incremented by one. Different offenses may end up as different paragraphs precisely because drafters do not want to renumber other subsections, whose designations have become familiar. Section 2113(e), for example, deals with murder during the course of a bank robbery. It has been codified at that address for a long time, and turning it into §2113(f) in order to make §2113(a) into two subsections would cause confusion when people try to collect or cite earlier decisions construing or applying the (original) §2113(e). Worse, changing one subsection's designation in order to make room for another can wreak havoc with cross-references elsewhere in the United States Code. See *United States v. Head*, 552 F.3d 640 (7th Cir. 2009). Prudent drafters prefer to avoid that risk, even if it means adding paragraphs or sub-parts to other subdivisions of a statute.

The current structure of §2113 is the work of the Law Revision Counsel rather than the legislature—and its history does not suggest any plan to equate each section

heading with one offense. What is now codified as §2113 was enacted in 1934. The statute contained a single paragraph covering bank robbery, bank robbery accomplished by aggravated assault, and homicide during a bank robbery. (*Prince* narrates this history; we omit citations to the Statutes at Large.) Such a concatenation of crimes does not convey the idea that one section = one offense. In 1937 Congress added to §2113 prohibitions of larceny and burglary or entry with intent to commit a theft. All of these new crimes, and all of the original ones, were placed into a single lengthy paragraph.

Title 18 was codified in 1948 (with the drafting work done by the Law Revision Counsel), and the code was enacted into positive law. The Law Revision Counsel broke the long legislative paragraph into easier-to-digest parts. It was in 1948 that murder during a bank robbery was moved to subsection (e), robbery by assault or the use of a deadly weapon to subsection (d), and receiving or possessing the proceeds of a bank robbery to subsection (c). Subsection (f) was used for definitions. Variations on robbery and burglary (including attempts) went into subsection (a) and variations on larceny into subsection (b)—which like subsection (a) has unnumbered paragraphs. Subsection (b) ¶1 now covers larceny of $1,000 or more and sets a maximum punishment of 10 years; §2113(b) ¶2 covers lower sums and sets a maximum punishment of one year in prison. The two paragraphs of subsection (b) state separate crimes (the second paragraph being a lesser included offense of the first); it makes sense to conclude that the two paragraphs of subsection (a) likewise create distinct offenses.

(Defendants do not contend that §2113(a) ¶2 is a lesser included offense of §2113(a) ¶1.)

To counteract this history, defendants stress the word "or" between the first two paragraphs of §2113(a). This means, they contend, that the two paragraphs state alternative means to commit a single crime. Yet drafters commonly use "or" to distinguish different offenses in a sequence. Take 15 U.S.C. §1644, which uses "or" several times to separate its subsections. *United States v. Dennison*, 730 F.2d 1086 (7th Cir. 1984), holds that this use of "or" does not affect the fact that each separate paragraph in §1644 creates a separate offense. Defendants ask us to distinguish *Dennison* and similar decisions, including *Jones v. United States*, 526 U.S. 227 (1999), on the ground that the word "or" in §1644 occurs between numbered subsections, while the word "or" in §2113(a) comes between unnumbered paragraphs. But we've already explained why the choice between paragraphs and subsections is not a good reason to expand (or collapse) the number of separate crimes. The *Blockburger* elements test is designed for that purpose, and for more than 75 years the Justices have declined to replace *Blockburger* with some other approach. See *Dixon*, 509 U.S. at 704–09. We think *Blockburger* much superior to making everything turn on how the subheadings of the United States Code are arranged.

True enough, an "or" can be informative. Suppose that a statute says something like: "It is unlawful to conduct a business that takes bets on baseball games or horse races." Then it would be sensible to say that the "or"

separates different ways of committing a single offense; to obtain a conviction, the prosecutor must show that the defendant took bets on horse races or baseball games, but need not show both—and, if the defendant is acquitted of a charge that he took bets on baseball, he could not later be tried on a charge that he took bets on horse races (not, at least, if the charge covers the same time). See *Sanabria v. United States*, 437 U.S. 54, 69–74 (1978). So if the first indictment had charged Thornton with attempting to rob the bank by force, in violation of §2113(a) ¶1, he could not later be charged with attempting to rob the same bank (at the same time) by intimidation, for the phrase "by force and violence, or by intimidation" in §2113(a) ¶1 sets out two ways of committing the offense. But it does not follow from *Sanabria* or similar decisions that every use of the word "or" in the Criminal Code groups the text on both sides into a single offense.

Interpretation depends on context, and the context of "or" in the phrase "by force and violence, or by intimidation" is completely different from the context of "or" as a conjunction between self-contained units. The function of "or" in §2113(a), as in §1644 and many other criminal statutes, is to group multiple offenses to show that the same penalty applies. The form in §2113(a) is "Whoever does $x$ [comprising elements 1, 2, 3, and 4] or $y$ [comprising elements 3, 4, 5, and 6] shall be imprisoned not more than $z$ years," where each set of 4 elements describes a complete offense. Events grouped together in $x$ and $y$ are to be treated alike for the purpose of punishment; this is not at all to say that $x$ and $y$ are one offense. A phrase

such as "by force and violence, or by intimidation", by contrast, does not specify all elements of any offense, so the word "or" is best read, as in *Sanabria*, to identify different ways of committing one element of the offense in which the phrase is embedded.

We conclude that neither the numbering scheme that the Law Revision Counsel used to codify §2113, nor the word "or" between ¶1 and ¶2, implies that the two paragraphs create a single offense. And this view is implicit in our opinion in *Thornton*. We concluded that the proof at Thornton's trial would have supported a conviction under §2113(a) ¶2, but that because he had been charged under ¶1, which requires proof of force or intimidation, he was entitled to be acquitted. That disposition was proper only if ¶1 and ¶2 establish separate crimes. If they are a single crime, then the right disposition should have been a remand for a new trial, at which the jury would have been given instructions appropriate under ¶2. Reversal because of an error in the jury instructions may be followed by a new trial without offending the double jeopardy clause. Only a reversal for insufficient evidence forbids a second trial. See *Burks v. United States*, 437 U.S. 1 (1978). And, if ¶1 and ¶2 are different ways to commit a single offense, then the evidence at Thornton's trial was *not* insufficient. The only problem would have been bad jury instructions.

Thus we arrive at defendants' second line of argument: that *Prince* jettisoned *Blockburger* for §2113 and establishes that all of its five substantive subsections create one offense. If defendants are right about the effect of *Prince*,

then we were wrong in *Thornton* to think that Thornton was entitled to an acquittal for insufficient evidence—but, because the United States did not ask the Supreme Court to review our decision, that acquittal must stand. It would prevent a retrial for the same offense as *Prince* understood it, even though that was not the "same offense" as our *Thornton* opinion understood it. We conclude, however, that *Prince* does not treat all subsections of §2113 as part of one offense. Its holding, rather, is that the subsections of §2113 do not allow cumulative sentences, even though they establish distinct offenses.

Prince was convicted of entering a bank with intent to steal (§2113(a) ¶2) plus armed bank robbery (§2113(a) ¶1 and (d)). He was sentenced to 15 years on one count and 20 years on the other. The Supreme Court held, however, that a preparatory act such as an unlawful entry "merges into the completed crime *if* the robbery is consummated". 352 U.S. at 328 (emphasis added). Then the maximum sentence for any single bank robbery is the sentence for the most serious of the related offenses—entering the bank with intent to steal, armed robbery, shooting a teller, carrying away the proceeds, and so on. It would have been possible to accomplish this result by holding that all subsections are variations on a single offense; this is how defendants want us to read *Prince*. But what the Court actually said is that the offenses are not "consecutively punishable in a typical bank robbery situation." 352 U.S. at 324. If the Justices had a "one offense" view of §2113, then they should have held the separate counts of Prince's indictment to be multiplicitous. But what *Prince* said is that all of the

counts charging related offenses should go to the jury, and sentence should be imposed on the most serious conviction. That's a very different approach. See *United States v. Peel*, 595 F.3d 763 (7th Cir. 2010). The Court began its opinion by saying that §2113 "creates and defines several crimes incidental to and related to thefts from banks". 352 U.S. at 323. That's hardly an apt phrase if, as defendants contend, the Justices thought that all of §2113 creates just one crime.

*Prince* was the first in a series of decisions arising from the fact that Congress has not clearly specified how the multiple subsections of §2113 relate to one another for the purposes of punishment. The next case was *Heflin v. United States*, 358 U.S. 415 (1959). Heflin was convicted of both bank robbery (§2113(a) ¶1, (d)) and possessing the loot (§2113(c)); the district court imposed consecutive sentences. The Justices held, however, that "subsection (c) was not designed to increase the punishment for him who robs a bank but only to provide punishment for those who receive the loot from the robber." 358 U.S. at 419. The Court again prescribed merger of the sentences, so that the defendant was exposed to the highest sentence on any one count. *Heflin* does not hold that possessing or receiving stolen property is the "same offense" as robbing a bank; the Court's view instead was that they are different offenses but that only one sentence has been authorized. See *United States v. Bacani*, 236 F.3d 857, 859–60 (7th Cir. 2001).

*Milanovich v. United States*, 365 U.S. 551 (1961), generalizes *Heflin* by concluding that its approach applies to

all federal robbery and receipt-of-stolen-goods prosecutions. The statute at issue in *Milanovich* was 18 U.S.C. §641, which deals with the theft of the federal government's property. The conclusion that theft and receipt convictions under §641 merge shows that *Prince* and *Heflin* do not establish a special rule for §2113. Instead they adopt a norm for the entire Criminal Code: No matter how many statutes a person violates when preparing to commit a robbery, actually committing it, and handling the loot, only one sentence is appropriate, see *Simpson v. United States*, 435 U.S. 6 (1978)—unless Congress specifies a different treatment, as it sometimes does, see 18 U.S.C. §924(c), which was amended after *Simpson* to require consecutive sentences for armed bank robbery and using a firearm in the course of that robbery. See also *United States v. Gonzales*, 520 U.S. 1, 10–11 (1997) (concluding that the amendment to §924(c) supersedes *Simpson*); *United States v. Harris*, 832 F.2d 88 (7th Cir. 1987) (same).

*Milanovich* changed the Court's understanding in one respect: it holds that the jury rather than the judge should make the decision. *United States v. Gaddis*, 424 U.S. 544 (1976), extended *Milanovich* from §641 to §2113 (and other similar statutes). Once again the Court did not instruct judges to treat a multi-count indictment under §2113 as multiplicitous, as it would be if the statute established only one offense. Instead it adopted this protocol:

> Situations will no doubt often exist where there
> is evidence before a grand jury or prosecutor

that a certain person participated in a bank robbery and also evidence that that person, though not himself the robber, at least knowingly received the proceeds of the robbery. In such a case there can be no impropriety for a grand jury to return an indictment or for a prosecutor to file an information containing counts charging violations of 18 U.S.C. §2113 (a), (b), or (d), as well as of §2113(c). If, upon the trial of the case the District Judge is satisfied that there is sufficient evidence to go to the jury upon both counts, he must, under *Heflin* and *Milanovich*, instruct the members of the jury that they may not convict the defendant both for robbing a bank and for receiving the proceeds of the robbery. He should instruct them that they must first consider the charges under §2113(a), (b), or (d), and should consider the charge under §2113(c) only if they find insufficient proof that the defendant himself was a participant in the robbery.

424 U.S. at 550 (footnotes omitted). Accord, *Ball v. United States*, 470 U.S. 856, 860–61 n.8 (1985). This is appropriate if §2113 establishes many offenses, only the most serious of which should lead to punishment. It is not the right way to go about things if, as defendants contend, all of §2113 creates but a single crime. If defendants are right, the prosecutor must elect one charge and all others must be dismissed. Before *Gaddis*, this circuit had understood the *Prince* sequence to require such an approach, see *Wright v. United States*, 519 F.2d 13, 18–20 (7th Cir. 1975), but after *Gaddis* held that all charges may be submitted

to the jury and that only sentences merge, see 424 U.S. at 549 n.12, courts of appeals regularly reject the contention that all subsections of §2113 create just one crime. See *Bryan v. United States*, 721 F.2d 572 (6th Cir. 1983) (collecting decisions, though noting that some conflict remains).

One final decision is worth brief mention. The Court held in *Carter v. United States*, 530 U.S. 255 (2000), that §2113(a) and §2113(b) create distinct offenses—in particular, that neither subsection of §2113(b) is a lesser included offense of either subsection of §2113(a). The Justices could not have said more plainly that §2113 creates multiple crimes. Appellate decisions before 2000 suggesting that all of §2113 creates only one crime are no longer authoritative. (Some of these decisions, which do not discuss the full *Prince* sequence as we have done here, were issued by this circuit. E.g., *United States v. Marzano*, 537 F.2d 257, 272 (7th Cir. 1976). None survived *Carter*.)

After *Carter*, we can be confident that the *Prince* line of decisions requires merger of sentences, not of offenses. This also implies that *Rutledge v. United States*, 517 U.S. 292 (1996), which held that a conviction is itself "punishment" for double-jeopardy purposes, even if it does not lead to a separate sentence, should not be read together with the *Prince* line to suggest that because sentences merge under §2113 there must be only one crime; such an understanding would contradict *Carter*, which was decided after *Rutledge*.

None of the decisions in the *Prince* sequence mentions the double jeopardy clause. That would be inexplicable

if *Prince* and its successors were displacing *Blockburger* and holding that all subsections of §2113 are one crime for double-jeopardy purposes. But the way the opinions are written is easy to understand if *Prince* and later cases are about cumulative punishment rather than figuring out how many distinct crimes §2113 creates.

We take the Court at its word and treat *Prince* as a decision about how district judges determine the maximum punishment for a person convicted of multiple crimes under §2113. The Supreme Court did not hold in *Prince*, and has not held since, that §2113 creates only one crime. *Blockburger* tells us that §2113(a) creates two crimes. Thornton, Loniello, and Aguilar have been acquitted of the crime defined in §2113(a) ¶1. They have yet to be tried on the charge that they committed the separate crime defined in §2113(a) ¶2. Only if the double jeopardy clause requires all crimes that may have been committed by a single transaction to be tried at one time would there be a double jeopardy problem in these successive charges. And, as the Justices have rejected the same-transaction or same-evidence approach, there is no constitutional problem with these charges.

The decisions of the district court are reversed, and the cases are remanded for proceedings consistent with this opinion.