# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2020

No. 19-10065

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

ASTON CHARLES BUTLER,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before KING, COSTA, and HO, Circuit Judges.

GREGG COSTA, Circuit Judge:

Added to the statute books in 1934 just a few months after Bonnie and Clyde's crime spree came to an end, bank robbery is now one of the classic federal crimes. The first section of the "Bank robbery and incidental crimes" statute covers what most would think of as bank robbery—using force, violence, or intimidation to steal property from a bank. 18 U.S.C. § 2113(a). Less well known is that the same section of the statute also makes it a crime to burglarize a bank—that is, to enter a bank with the intent to commit a felony or larceny inside the bank. *Id.* This appeal requires us to decide whether bank robbery and bank burglary are separate offenses or only different means of committing the same offense.

No. 19-10065

The question no doubt sounds academic.  But the answers to academic questions have serious consequences under the categorial approach that governs much of modern federal sentencing.  So it is with this question about the bank robbery statute, which determines whether a defendant should be sentenced under the Armed Career Criminal Act.

## I.

Aston Charles Butler pleaded guilty to being a felon in possession of a firearm.  *See* 18 U.S.C. § 922(g)(1).  Although that crime ordinarily carries a maximum penalty of ten years in prison, *id.* § 924(a)(2), the Armed Career Criminal Act imposes a fifteen-year minimum when the defendant has three prior convictions for violent felonies or serious drug offenses, *id.* § 924(e)(1).  Butler had four convictions for federal bank robbery and two convictions for Texas robbery.  The sentencing court concluded that Butler's federal bank robbery convictions constituted violent felonies.  That qualified Butler as an armed career criminal, so the court sentenced him to the fifteen-year minimum sentence.

## II.

Butler's appeal turns on whether the federal bank robbery statute describes two different offenses or two different means of committing the same offense.  Some background on the categorical approach we use to determine if a crime counts as a violent felony is necessary to understand why this distinction matters.

The Armed Career Criminal Act provides multiple definitions for "violent felony."  The relevant definition for this appeal is: any crime punishable by more than one year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  *Id.* § 924(e)(2)(B)(i).  That definition is called the "elements clause." *Welch v. United States*, 136 S. Ct. 1257, 1261 (2016).

No. 19-10065

The analysis a court applies to determine if a conviction satisfies the elements clause depends on whether the offense statute is divisible. *United States v. Burris*, 920 F.3d 942, 947 (5th Cir. 2019). An indivisible statute lays out "a single . . . set of elements to define a single crime." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). We evaluate indivisible statutes using the categorical approach, assessing whether the elements of the crime include the use of force. *Burris*, 920 F.3d at 947. Our focus on the elements means that we "ignor[e] the particular facts of the case." *Mathis*, 136 S. Ct. at 2248. Put differently, we ask: Does the defendant's conviction for this crime mean he must have used, attempted to use, or threatened to use physical force to commit it?

A divisible statute, by contrast, "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Id.* at 2249. When a statute describes multiple crimes, the modified categorical approach permits courts to "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy)" to figure out which of the statute's crimes the defendant was convicted of. *Id.* Once the court has narrowed down the crime of conviction to a specific offense, it then applies the same analysis as the categorical approach, asking whether the elements of that specific crime include the use of force. *Burris*, 920 F.3d at 947.

The modified approach makes a difference when a statute describes one offense that qualifies as a violent felony and another that does not. Any doubt about whether a defendant committed a violent felony allows him to avoid the enhanced punishment for armed career criminals because the categorical approach requires "certainty." *Shepard v. United States*, 544 U.S. 13, 21 (2005); *see also Taylor v. United States*, 495 U.S. 575, 602 (1990). But the modified approach provides that certainty if it can narrow the defendant's conviction to a single qualifying offense. So it is invariably the government

that argues a statute is divisible and subject to narrowing via the modified approach.

That is the situation here.  The government asserts that section 2113(a) describes two separate offenses.  The statute reads:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny . . . .

18 U.S.C. § 2113(a).

If these paragraphs describe separate crimes, then the indictment charging Butler's bank robberies can be used to narrow his offense to the first paragraph.  That indictment alleges that each of his four bank robberies involved taking property from a bank employee "by force, violence and intimidation."  Bank robbery by intimidation is a crime of violence, *United States v. Brewer*, 848 F.3d 711, 716 (5th Cir. 2017), and a crime of violence is also a violent felony, *United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011) (per curiam).  So if the modified categorical approach applies, then Butler has at least three violent felonies and he was properly sentenced to fifteen years.

But if section 2113(a) describes a single offense, and its two paragraphs just set out two different means of committing that offense, then Butler contends he is not an armed career criminal.  That is because, he maintains,

No. 19-10065

one method of violating the statute—the unlawful entry method—does not require the use of force. If he is right, then a conviction under section 2113(a) does not necessarily mean that the defendant used physical force when he committed the crime. And that would mean four of Butler's six felony convictions would not be violent felonies, allowing him to escape the armed career criminal classification and its minimum sentence.

## III.

We reject the first link in Butler's argument and determine that section 2113(a) is divisible.[1] Recall that an indivisible statute lays out "a single . . . set of elements to define a single crime" while a divisible statute "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis*, 136 S. Ct. at 2248–49. Distinguishing between the two is sometimes difficult because statutes often use alternative language not just to spell out different elements but also to provide "various factual means of committing a single element." *Id.* at 2249. A statute that merely articulates alternative means of committing the same crime is indivisible. A statute that sets out alternative elements creates different crimes and is thus divisible.

How can we tell the difference between elements and means? An element is a "'constituent part[]' of a crime's legal definition" that a jury must find to be true to convict the defendant. *Id.* at 2248 (quoting *Elements of Crime*, BLACK'S LAW DICTIONARY (10th ed. 2014)). For example, imagine a statute "that makes it a crime (1) to take (2) from a person (3) through force or the threat of force (4) property (5) belonging to a bank." *Richardson v. United States*, 526 U.S. 813, 817 (1999). Each numbered prerequisite is an element— something the government must prove to secure a conviction. *Id.* Means, by contrast, are different ways a defendant can satisfy an element. *See id.* A

---

[1] We thus need not decide if the "unlawful entry" paragraph describes a violent felony.

defendant could meet the hypothetical statute's third element, for instance, by using a knife or a gun.  *Id.*  The government does not need to prove particular means.  *See id.*  As long as each juror agrees that the defendant used "force or the threat of force," a jury could still convict even if it disagrees as to how he did so.  *Id.*

Now to the question Butler's case presents: Does section 2113(a) outline two different means of committing the same crime (making it indivisible) or two different crimes with their own sets of elements (making it divisible)?

We first look to the text and structure of the statute.  The intimidation language and the unlawful entry language appear in separate paragraphs, separated by a disjunctive "or."  18 U.S.C. § 2113(a).  Each paragraph also uses the word "or" internally.  One example from the intimidation paragraph is its description of the object of the crime as "any property *or* money *or* any other thing of value."  *Id.* (emphasis added).  An example from the unlawful entry paragraph is its requirement that the defendant have the "intent to commit . . . any felony . . . *or* any larceny."  *Id.* (emphasis added).  And an example common to both paragraphs is language limiting their scope to situations when the victim is a "bank, credit union, *or* . . . savings and loan association."  *Id.* (emphasis added).

Comparing the statute's use of "or" between the two paragraphs to its use of the same word within each paragraph demonstrates that the paragraphs are meant to be different offenses with their own elements.  The paragraphs use "or" internally to set out alternative means.  They do not delineate different crimes for stealing computers as opposed to cash reserves or for robbing a bank as opposed to a credit union.  To illustrate the point differently, a defendant commits an offense under the first paragraph only if he takes something (an element), and that thing can be property, money, or anything else that has value (the means).

But the "or" between paragraphs—one preceded by a semicolon rather than commas—represents a sharper divide. Indeed, the typical means-versus-elements inquiry focuses on disjunctive words within a single sentence. The Iowa burglary statute in *Mathis* is an example. That law forbade unlawful entry into "any building, structure, [or] land, water, or air vehicle," with those various locations serving only as different means of committing the same offense. *Mathis*, 136 S. Ct. at 2250 (alteration in original) (emphasis omitted) (quoting IOWA CODE § 702.12 (2013)); *see also, e.g.*, *Gomez-Perez v. Lynch*, 829 F.3d 323, 328 (5th Cir. 2016) (holding that the Texas misdemeanor assault statute lists different means of committing the same offense when it describes "intentionally, knowingly, or recklessly" causing bodily injury). Butler does not identify any case holding that separate paragraphs of a statute merely describe different means of the same offense. That is not surprising. In writing, a paragraph break often signals that a new idea is coming. It is likewise logical to conclude that a paragraph break in a statute signals a new offense.

The different conduct each paragraph proscribes confirms what grammar suggests. The two paragraphs evoke two different traditional crimes. In criminalizing the taking of property from another by force or intimidation, the first paragraph resembles traditional robbery. *See Robbery*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("The illegal taking of property from the person of another, or in the person's presence, by violence or intimidation; aggravated larceny."). The second paragraph's prohibition on entry with the intent to commit a felony or larceny resembles traditional burglary. *See Taylor*, 495 U.S. at 598 ("[T]he generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.").

No. 19-10065

We have recognized that these traditionally distinct crimes, as applied to the context of a bank, have different elements.  To convict a defendant under section 2113(a)'s first paragraph, the government must show:

> (1) an individual or individuals (2) used force and violence or intimidation (3) to take or attempt to take (4) from the person or presence of another (5) money, property, or anything of value (6) belonging to or in the care, custody, control, management, or possession (7) of a bank, credit union, or savings and loan association.

*United States v. McCarty*, 36 F.3d 1349, 1357 (5th Cir.1994).  By contrast, the second paragraph requires the government to prove:

> (1) an entry or an attempt to enter (2) any bank, credit union, or any savings and loan association (or building used in whole or part as such), (3) with the intent to commit there (4) any felony (5) affecting such bank, credit union, or savings and loan association.

*United States v. Dentler*, 492 F.3d 306, 310 (5th Cir. 2007).  Other than a bank or other covered financial institution being the victim, there is no overlap between these elements.  *Contrast Mathis*, 136 S. Ct. at 2250 (explaining that the Iowa burglary statute "defines one crime, with one set of elements . . . while specifying multiple means of fulfilling its locational element").

We have not previously addressed the statute's divisibility, but in addition to ascribing different elements to each paragraph, we have remarked that section 2113(a) "describes two separate offenses."  *Dentler*, 492 F.3d at 309; *see also United States v. McGhee*, 488 F.2d 781, 784 (5th Cir. 1974) ("The two parts of the subsection are separable.").  And other circuits have uniformly treated section 2113(a) as divisible; in only one unpublished case did the parties even dispute the issue.  *See United States v. Moore*, 916 F.3d 231, 238 (2d Cir. 2019) ("The parties do not contest that § 2113(a) of the federal bank robbery statute is divisible, and we agree."); *United States v. Watson*, 881 F.3d 782, 785 n.1 (9th Cir. 2018) (explaining that although the unlawful entry

paragraph "is not a crime of violence, it is irrelevant . . . because it is divisible from the § 2113(a) bank robbery offense" the defendants were convicted of); *United States v. Rinker*, 746 F. App'x 769, 772 (10th Cir. 2018) (rejecting the same argument that Butler makes because "the bank-robbery statute is divisible"); *United States v. McGuire*, 678 F. App'x 643, 645 (10th Cir. 2017) ("Because § 2113(a) is divisible, we apply the modified categorical approach . . . .").

*Prince v. United States*, 352 U.S. 322 (1957), does not support a contrary decision. Prince was convicted of two bank robbery counts—one under the robbery paragraph of section 2113(a) and the other under the burglary paragraph—and was given consecutive sentences. *Id.* at 324. The Court explained that unlawful entry was a preparatory act and held that if the defendant actually completed the robbery, the punishments would "merge[]" such that he could not be sentenced consecutively. *Id.* at 328–29. According to Butler, *Prince* suggests that section 2113(a) creates one indivisible crime with a single punishment.

If anything, *Prince* supports the view that section 2113(a) establishes separate crimes. It describes section 2113 as "creat[ing] and defin[ing] several crimes incidental to and related to thefts from banks." *Id.* at 323. "If the Justices had a 'one offense' view of § 2113, then they should have held the separate counts of Prince's indictment to be multiplicitous." *United States v. Loniello*, 610 F.3d 488, 494 (7th Cir. 2010). As the Seventh Circuit has explained, "the *Prince* line of decisions requires merger of sentences, not of offenses." *Id.* at 496. Merger of sentences may be required even when there is more than one underlying crime. *See United States v. Vasquez*, 867 F.2d 872, 875 (5th Cir. 1989) ("When Congress creates different crimes aimed at successive stages of a single criminal undertaking, the defendant can properly be charged and tried for multiple offenses, but may be punished only for the

commission of one offense."); *United States v. Forester*, 836 F.2d 856, 861 (5th Cir. 1988) ("Separate charges were permissible.  Separate convictions were possible.  But only one sentence is appropriate.").

\* \* \*

Section 2113(a) is divisible.  The sentencing court thus properly used the bank robbery indictment to narrow Butler's robbery convictions to the violent felonies of taking bank property from another through intimidation.  With at least three such violent felonies, he was properly sentenced as an armed career criminal.

The judgment is AFFIRMED.